OPINION OF THE COURT
Gerard M. Weisberg, J.
The State has moved for an order compelling claimant to execute an authorization for the unsealing of criminal records or, alternatively, for an order directing that such records be unsealed pursuant to CPL 160.50 (subd 1, par [d]). The motion is made in connection with a claim, inter alla, for false arrest and malicious prosecution predicated upon a criminal proceeding initiated by Frank Cassidy, a peace officer allegedly acting in the course of his employment by the State. This proceeding was terminated favorably to the accused and the records thereof were presumably sealed pursuant to CPL 160.50.
Defendant seeks access to these records in order to respond to a related cross motion by claimant, and to prepare its defense. In view of the court’s disposition of that cross *690 motion, unsealing of these records is not warranted for the mere purpose of verifying the date of dismissal, since that information has been sufficiently alleged by claimant. Nevertheless, the information contained in the records of the criminal proceeding is undoubtedly relevant and perhaps vital to the defense of the claim as bearing, among other things, on the issue of probable cause. (Broughton v State of New York, 37 NY2d 451, cert den sub nom. Schanbarger v Kellogg, 423 US 929.)
CPL 160.50 (subd 1, par [d]) provides: “such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to sectionl70.56 or 210.46 of this chapter, or (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license.”
The court finds no explicit authorization for unsealing criminal records at the behest of a defendant in a civil action. However, a privilege, such as is conferred by this statute, cannot be interpreted to permit a claim for affirmative relief to be predicated upon information which need not be disclosed to the opposing party. The prosecution of an action under these circumstances would allow the privilege to be used as a sword rather than a shield,,placing the defendant in an unjust and nondefensible litigation posture. By analogy, the privileges arising from the relationships of a physician-patient and husband-wife have been deemed waived where claims or defenses placed potentially privileged matters directly in issue. (Prink v Rockefeller Center, 48 NY2d 309; Koump v Smith, 25 NY2d 287.) While this court’s authority to order these records unsealed is by no means clear, the court may dismiss or suspend the rights of a party in an action who refuses to waive the privilege. (Levine v Bornstein, 13 Misc 2d 161, affd 7 AD2d 995, affd 6 NY2d 892.) The identical issue was analyzed by Justice *691 Shanley N. Egeth in Maxie v Gimbel Bros. (102 Misc 2d 296) with which we concur in result.
Accordingly, unless within 30 days after service of a copy of the annexed order with notice of entry, claimant delivers an appropriate consent and authorization to the defendant for the procurement of the sealed records of the criminal proceeding at issue, claimant shall be precluded from introducing at trial any evidence relating to the claims of false arrest and malicious prosecution.