■ In the Matter of COUNTY OF NASSAU, Appellant, v CHARLES G. HEINE, as President of the Board of Judges, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents to furnish petitioner with a certain criminal trial transcript, the petitioner appeals from a judgment of the Supreme Court, Nassau County, dated October 15, 1980, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner is the defendant in an action for malicious prosecution and false imprisonment arising out of the arrest, trial and acquittal of one Stuart Jarkow on criminal charges. Petitioner's requests for a copy of Jarkow's criminal trial transcript have been refused by respondents, on the ground that the transcript has been sealed pursuant to CPL 160.50. Jarkow, who is not a party to the instant proceeding, has apparently not authorized unsealing of the requested transcript. Special Term correctly dismissed the petition. This is a proceeding in the nature of mandamus to compel unsealing of the criminal trial transcript in question, and it is well settled that mandamus lies only where there is a clear legal obligation to perform the official act sought to be compelled *(Matter of Fried v Fox*, 49 AD2d 877; *Board of Educ. v Levitt*, 42 AD2d 372; *Matter of Ellsworth, Barrows & Co. v Ward*, 255 App Div 91). The requested transcript clearly falls within the ambit of "all official records and papers * * * relating to arrest or prosecution" required to be sealed by the criminal court (CPL 160.50, subd 1, par [c]). Nothing in CPL 160.50 provides a clear legal basis for disclosure of the trial transcript under the circumstances here presented. On the contrary, with

limited exceptions (see par [d]), the statute on its face imposes a continuing obligation on the criminal court to shield official records from disclosure. Hence, the relief requested was properly denied. Since Jarkow has not been joined as a party to this proceeding, we express no opinion as to the argument that the commencement of the civil suit resulted in an automatic or constructive waiver of the protection afforded by CPL 160.50 (but see *Maxie v Gimbel Bros.,* 102 Misc 2d 296). Hopkins, J.P., Titone, Rabin and Weinstein, JJ., concur.