OPINION OF THE COURT
B. Thomas Pantano, J.
Defendant moves for an order directing plaintiff to furnish authorization to examine and copy a transcript of a criminal proceeding sealed pursuant to CPL 160.50.
Plaintiff brings this action against the defendant alleging damages inflicted as the result of a false arrest and malicious prosecution. The incident giving rise to the cause of action arose on or about December 20, 1978 at the defendant’s premises in Hicksville, New York, when the plaintiff was detained and accused of stealing two blouses of a value of approximately $48.
The plaintiff was given a desk appearance ticket and subsequently appeared in District Court where he was prosecuted for petit larceny. The trial court, Judge Josephs, found him not guilty.
It is essential to the determination of this motion that the court set forth the elements that constitute plaintiff’s cause of action for false arrest and malicious prosecution. These were reviewed by Judge Wachtler speaking for the Court of Appeals in the case of Broughton v State of New York (37 NY2d 451, 456, 457). In order to establish his cause of action for false arrest plaintiff must show that:
*614 (1) The defendant intended to confine him;
(2) The plaintiff was conscious of the confinement;
(3) The plaintiff did not consent to the confinement; and
(4) The confinement was not otherwise privileged.
In order to establish his cause of action for malicious prosecution he must show:
(1) The commencement or the continuation of a criminal proceeding by the defendant against the plaintiff;
(2) The termination of the proceeding in favor of the accused;
(3) The absence of probable cause for the criminal proceeding; and
(4) Actual malice.
Essentially the court is here called upon to determine whether the plaintiff has waived the privilege of CPL 160.50 by bringing this action. The court has read Maxie v Gimbel Bros. (102 Misc 2d 296); Matter of Iazzetta v State of New York (105 Misc 2d 687); and Matter of County of Nassau v Heine (80 AD2d 640). In Maxie (supra), Judge Egeth did an in-depth study of the matter. In that case the issue was whether defendant was entitled to the transcript of a preliminary hearing after which plaintiff was held for trial and subsequently acquitted. The court pointed out that a preliminary hearing creates a rebuttable presumption that the prosecution was induced by probable cause and therefore defendant should be entitled to a copy of the transcript of the preliminary hearing. This is especially so in light of section 218 of the General Business Law which grants defendant the statutory defense of “reasonable grounds”.
Iazzetta (supra, p 688), was a Court of Claims case where the court unsealed the records stating in part: “the information contained in the records of the criminal proceeding is undoubtedly relevant and perhaps vital to the defense of the claim as bearing, among other things, on the issue of probable cause.” It does not appear in that case how the court determined that the records in the criminal trial were undoubtedly relevant and vital to the defense or whether the arrest was without a warrant or that the *615 officer acted extrajudicially in which case the presumption would arise that the arrest was unlawful (Broughton v State of New York, supra, p 458). The court also went on to say that the privilege granted by CPL 160.50 cannot be interpreted to permit a claim for affirmative relief to be predicated upon information which need not be disclosed to the opposing party.
Finally, the court has reviewed Matter of County of Nassau v Heine {supra), which was an article 78 proceeding to mandamus the court to unseal the record in a criminal proceeding where petitioner was faced with a claim for false imprisonment and malicious prosecution. The petition was dismissed in the Supreme Court and on appeal the court held that an article 78 proceeding does not lie for this relief and since the proposed plaintiff was not a party to the proceeding the court expressed no opinion on the argument that the commencement of an action resulted in an automatic or constructive waiver of the protection afforded by CPL 160.50. The appellate court in conclusion said (supra, p 641): “but see Maxie v Gimbel Bros., 102 Misc 2d 296”.
The present case before this court is distinguishable from Maxie (supra), since in this matter there was never a preliminary hearing which could give rise to the presumption of probable cause. Furthermore, this court does not agree with the reasoning that the principles enunciated in Koump v Smith (25 NY2d 287) and Prink v Rockefeller Center (48 NY2d 309), are applicable to a case arising out of a claim for false arrest and malicious prosecution where the statutory privilege of CPL 160.50 is involved. A similar argument was advanced in Matter of Iazzetta (supra).
The general principle in civil litigation is that a court will not allow privilege to be used as a sword rather than a shield thereby placing a defendant in an intolerable, unjust and nondefensible position (Koump v Smith, supra). However, in this litigation the posture of the parties is such that the plaintiff and defendant both participated in the criminal proceedings to the extent that each is, or should be, aware of the other’s position. The exercise of the statutory privilege by the plaintiff under these circumstances, does not place the defendant in an impossible, intolerable, unjust or nondefensible posture.
*616 The court recognizes the defense afforded to the defendant by section 218 of the General Business Law in an action for false arrest. The burden of establishing this defense is upon the defendant. Whether reasonable grounds existed depends upon the evidence produced by the defendant and in the absence of a preliminary hearing, which gives rise to a presumption of reasonable grounds or probable cause, there is no authority for requiring a plaintiff to give up the statutory privilege afforded him. Additionally, it is noted that nowhere in the moving papers has it been established that what transpired at the trial in the District Court of Nassau County would disclose any additional facts in support of the defense under section 218 of the General Business Law that are not already within the knowledge and possession of the defendant.
For the reasons set forth above the motion is denied.