GEORGE GEBBIE, Respondent, v GERTZ DIVISION OF ALLIED STORES OF NEW YORK, INC., Appellant.

Second Department, June 13, 1983

APPEARANCES OF COUNSEL

*A. Paul Goldblum* for appellant.

*Howard S. Davis* (*Barry M. Hoffman* of counsel; *Mitchell G. Shapiro* on the brief), for respondent.

OPINION OF THE COURT

MANGANO, J.

The question to be decided on this appeal is whether the privilege conferred upon a criminal defendant pursuant to CPL 160.50 is waived when he later institutes a civil action to recover damages for false arrest and malicious prosecution.

The question must be answered in the affirmative.

In his complaint, plaintiff pleaded causes of action based upon allegations of false arrest and malicious prosecution arising out of an incident which occurred in defendant's store in Hicksville on December 20, 1978, at approximately 5:00 P.M. At that time and place, plaintiff was accused of stealing two blouses owned by the store and was subsequently arrested and prosecuted for that theft. According to the complaint, plaintiff was found "not guilty" of a charge of petit larceny.

Thereafter, defendant served an answer which, *inter alia,* contained (1) a denial "upon information and belief" that plaintiff had been found not guilty in a criminal proceeding and (2) an affirmative defense that defendant's "actions were reasonable and justified under the circumstances and were based upon reasonable and/or probable cause and were authorized by section 218 of the General Business Law." After a demand for a bill of particulars was answered, defendant moved for an order "(a) directing the plaintiff to deliver appropriate consent and authorizations to the defendant to examine, inspect and copy the criminal trial transcript and record in the case of the People of the State of New York v George Gebbie" and "(b) directing the plaintiff's attorney to provide to the defendant a copy of said criminal trial transcript or, in the alternative, for an order precluding the plaintiff from introducing said criminal trial transcript or any testimony based upon said record or the testimony of any witnesses testifying at said trial at the time of the trial of this action and for a further order dismissing plaintiff's complaint for plaintiff's failure to furnish the defendant with the necessary authorizations and consents to secure the aforesaid transcript and record".

In support of the motion, counsel for the defendant alleged that (1) a criminal trial against plaintiff was held on May 22 and 23, 1979, (2) pursuant to CPL 160.50, the transcript and record of that criminal case was sealed and plaintiff was unwilling to give authorizations and consents for it to be unsealed, (3) the record of that criminal case was relevant in defending the causes of action for false arrest and malicious prosecution and (4) by commencing this civil action, plaintiff waived his right to enforce the privilege of confidentiality contained in CPL 160.50.

In opposition to the motion, plaintiff's counsel alleged, *inter alia*, that (1) the record of the criminal case in *People v Gebbie* was not relevant to the civil action, "except for the dismissal of the criminal charges", and (2) since plaintiff had no intention of using that record, defendant should not be given access thereto.

## DECISION OF SPECIAL TERM

In denying defendant's motion, Special Term distinguished several cases cited by defendant in support of the motion and stated (115 Misc 2d 613, 615-616):

"The present case before this court is distinguishable from [*Maxie v Gimbel Bros.*, 102 Misc 2d 296], since in this matter there was never a preliminary hearing which could give rise to the presumption of probable cause. Furthermore, this court does not agree with the reasoning that the principles enunciated in *Koump v Smith* (25 NY2d 287) and *Prink v Rockefeller Center* (48 NY2d 309), are applicable to a case arising out of a claim for false arrest and malicious prosecution where the statutory privilege of CPL 160.50 is involved * * *

"The general principle in civil litigation is that a court will not allow privilege to be used as a sword rather than a shield thereby placing a defendant in an intolerable, unjust and nondefensible position (*Koump v Smith, supra*). However, in this litigation the posture of the parties is such that the plaintiff and defendant both participated in the criminal proceedings to the extent that each is, or should be, aware of the other's position. The exercise of the statutory privilege by the plaintiff under these circumstances, does not place the defendant in an impossible, intolerable, unjust or nondefensible posture.

"The court recognizes the defense afforded to the defendant by section 218 of the General Business Law in an action for false arrest. The burden of establishing this defense is upon the defendant. Whether reasonable grounds existed depends upon the evidence produced by the defendant and in the absence of a preliminary hearing, which gives rise to a presumption of reasonable grounds or probable cause, there is no authority for requiring a plaintiff to give up the statutory privilege afforded him. Addi-

tionally, it is noted that nowhere in the moving papers has it been established that what transpired at the trial in the District Court of Nassau County would disclose any additional facts in support of the defense under section 218 of the General Business Law that are not already within the knowledge and possession of the defendant."

## THE LAW

In *Koump v Smith* (25 NY2d 287), plaintiff demanded authorization pursuant to CPLR 3121 to obtain defendant's hospital record in an effort to show that defendant was intoxicated at the time his car crossed a center divider striking plaintiff's car and injuring plaintiff. Defendant opposed the motion, asserting the physician-patient privilege. The Court of Appeals upheld defendant's claim of privilege in that case upon the ground that defendant had done nothing more than deny plaintiff's allegation that defendant was intoxicated. Nevertheless, the Court of Appeals held that when a party affirmatively asserts a mental or physical condition, he must waive the relevant privilege if he desires to prove his case or defense.

In *Prink v Rockefeller Center* (48 NY2d 309), a wrongful death action was brought by the decedent's personal representative, his wife. Decedent had fallen out of his 36th floor office to his death. There were no eyewitnesses, but the death certificate prepared by the medical examiner indicated that the decedent's psychiatrist had told the examiner that the decedent was depressed. During the examination before trial of plaintiff, she admitted that her husband had told her before his death that he was visiting a psychiatrist, but she refused to disclose, based on the marital privilege, her husband's reasons for visiting the psychiatrist. Based on a physician-patient privilege, she also refused, at the deposition, to disclose her conversations with the psychiatrist after the death of her husband.

The Court of Appeals in *Prink* (*supra*) held that under the circumstances of the case, i.e., the distinct possibility of suicide, the plaintiff had put the decedent's mental condition in issue by bringing the action and the afore-noted privileges were therefore waived.

In *Broughton v State of New York* (37 NY2d 451, cert den sub nom. *Schanbarger v Kellogg*, 423 US 929), the Court of

Appeals set forth in detail the elements of the torts of false arrest and malicious prosecution. To establish a cause of action for false arrest, the plaintiff must show: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. In a false arrest case, the defendant has the burden of proving legal justification as an affirmative defense. On the other hand, the elements of the tort of malicious prosecution to be proved by plaintiff are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice.

The privilege asserted by the plaintiff herein is contained in CPL 160.50 which provides, in pertinent part, as follows:

"Order upon termination of criminal action in favor of the accused

"1. Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of this section, unless the district attorney upon motion with not less than five days notice to such person or his attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, or the court on its own motion with not less than five days notice to such person or his attorney determines that the interests of justice require otherwise and states the reasons for such determination on the record, the court wherein such criminal action or proceeding was terminated shall enter an order, which shall immediately be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and other law enforcement agencies having copies thereof, directing that * * *

"(c) all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates

and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office be sealed and not made available to any person or public or private agency".

In *Maxie v Gimbel Bros.* (102 Misc 2d 296), an action was brought to recover damages on a claim of false imprisonment and malicious prosecution. The action stemmed from an arrest of plaintiff on June 15, 1976 on a complaint of larceny, which complaint was initiated by the defendant department store. After a preliminary hearing, plaintiff was held for trial and was thereafter acquitted of all charges. Subsequent thereto the records in the criminal case were sealed pursuant to CPL 160.50. During a pretrial conference of the civil action, the court inquired as to the existence and disposition of a preliminary hearing in the criminal proceeding. Since neither counsel was certain as to whether such a hearing has been held or, if it had been, as to its outcome, it was agreed that the defendant would attempt to procure the necessary records. Defendant made a motion in Nassau County to procure the records, but the motion was denied on the ground that they were sealed and privileged pursuant to CPL 160.50 and were unavailable without the authorization of the plaintiff, who had been the defendant in the criminal proceeding. Defendant then moved in Special Term, New York County, where the civil action was pending, for an order directing plaintiff to execute and deliver to it a consent and authorization which would enable said defendant to procure the records of the criminal proceeding arising out of the incident upon which the civil action was predicated.

The court in *Maxie* held, after reviewing *Broughton* (*supra*) and other relevant authorities, that the records sought by defendant were relevant and that the statutory privilege contained in CPL 160.50 could be waived. Specifically, the court stated (*Maxie v Gimbel Bros., supra,* pp 300-302):

"RELEVANCE OF RECORDS

"The nonexistence of probable cause is essential for the successful maintenance of an action for malicious prosecution * * * In this type of action a 'prima facie rule' has

developed pursuant to which a finding of probable cause by a Grand Jury indictment or in a preliminary hearing creates a rebuttable presumption that the prosecution was induced by probable cause * * *

"In an action for false imprisonment or false arrest, the acquittal after trial or other dismissal of the criminal action is not dispositive of the civil suit. The key issue in the civil action involving a department store is whether the defendant had 'reasonable grounds' for the detention (General Business Law, § 218; *Jacques v Sears, Roebuck & Co.,* 30 NY2d 466) * * *

"It would therefore appear obvious that the ability to prove the existence of a finding of probable cause in the prior criminal court preliminary hearing to warrant a criminal trial might be determinative of the civil action for malicious prosecution, and most certainly would be probative of the existence of a defense to both the civil causes of action alleged in this case.

"STATUTORY PRIVILEGE

"In 1976 our State Legislature enacted CPL 160.50. This provided protection in the form of future anonymity for a person acquitted after prosecution upon a criminal charge. This statute compels the sealing of the criminal record, and directs that 'such records shall be made available to the person accused or to such person's designated agent' (CPL 160.50, subd 1, par [d]). This statute creates a protection for this plaintiff which is akin to a privilege. The defendant in this case has no right to procure or examine the sealed record unless plaintiff waives the statutory privilege and consents thereto. The instant motion, if granted without consent, would effectuate an involuntary relinquishment of the plaintiff's statutory privilege. If plaintiff wishes to maintain the privilege this court should exercise great care before divesting the plaintiff of the statutory right * * *

"The purpose of the statute is to protect her from public odium arising out of the disclosure of her arrest. The commencement of this action, and the resultant public trial and record, would actually negate the purpose of the statutory protection * * * To permit this plaintiff to maintain her privilege while continuing the prosecution of the

civil case would allow her 'to use it as a sword rather than a shield' and thereby place the defendant in the civil suit in an impossible, intolerable, unjust and nondefensible litigation posture (see *Koump v Smith,* 25 NY2d 287, 297)."

Although the court in *Maxie (supra)* was of the view that it could not compel the plaintiff to waive the statutory privilege afforded by CPL 160.50, it held that it had the authority, under the circumstances, to "prevent the unfair continuation of the action by a plaintiff who insists upon maintaining the right to claim the privilege * * * [and] dismiss or suspend the right to seek affirmative relief upon the part of a party in an action who refuses to waive a valid and proper privilege" (*Maxie v Gimbel Bros., supra,* p 303). Accordingly, the court ordered that "[u]nless within 15 days following service of a copy of the order to be entered herein, plaintiff delivers an appropriate consent and authorization to the defendant for the procurement of the sealed records of the preliminary hearing, this case shall be marked off the calendar" (*Maxie v Gimbel Bros., supra,* p 306).*

Confronted with these cogent and persuasive authorities, plaintiff on appeal attempts to distinguish them and thereby diminish their precedential value. With respect to *Koump v Smith* (25 NY2d 287, *supra*) and *Prink v Rockefeller Center* (48 NY2d 309, *supra*), plaintiff argues that the privileges discussed therein, viz., those of husband-wife and physician-patient, are contained in statutes which, by their terms expressly provide for the possibility of a waiver of those privileges. Specifically, CPLR 4502 (subd [b]) and 4504 (subd [a]) provide as follows:

"§ 4502. Spouse * * *

"(b) Confidential communication privileged. A husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage."

"§ 4504. Physician, dentist and nurse

---

* In opposing defendant's motion before Special Term, plaintiff herein argued that *Maxie v Gimbel Bros.* (102 Misc 2d 296) was distinguishable in that there the court presiding at the pretrial conference requested the record of the criminal proceedings. That distinction has not been advanced by plaintiff on appeal and, indeed, it has no merit in view of the broad language employed by the court in *Maxie.*

"(a) Confidential information privileged. Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing, or dentistry shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity. The relationship of a physician and patient shall exist between a medical corporation, as defined in article forty-four of the public health law, a professional service corporation organized under article fifteen of the business corporation law to practice medicine, and the patients to whom they respectively render professional medical services."

In contrast, plaintiff argues that CPL 160.50 contains no mention of any possible waiver of its provisions and the courts should not create an implied waiver of the privilege contained therein.

We find this distinction to be without merit. A review of the reasoning of the Court of Appeals in *Koump* and *Prink* (*supra*) reveals that the court was not in any way relying upon the fact that the principle of waiver was expressly set forth in the statutes containing the physician-patient and spousal privileges. Rather, the court was expressing a general concern that one who asserts a particular mental or physical condition in seeking damages from another or in defending himself from liability, should not use his privilege as a sword in order to prevent his adversary from ascertaining the truth of the particular claim or defense. Under these circumstances, plaintiff's argument that there cannot be an implied waiver of his privilege under CPL 160.50 is without merit (see *Maxie v Gimbel Bros.,* 102 Misc 2d 296, 302, *supra; cf. Katz v Memoli,* 28 AD2d 1128; *Matter of Mellion,* 58 Misc 2d 441).

With respect to the decision of Special Term in *Maxie* (*supra*), plaintiff argues that (1) in *Maxie,* the court allowed discovery only of the transcript of the preliminary hearing since any adverse determination rendered against the defendant therein (i.e., the plaintiff in the civil action) would give rise to a rebuttable presumption of probable cause, (2) no preliminary hearing occurred in the criminal proceeding entitled *People v George Gebbie* and (3) the trial

transcript in the criminal proceeding entitled *People v George Gebbie* should not be made available to defendant since the elements of plaintiff's case for false arrest and malicious prosecution and those of defendant's defense do not "relate to or concern happenings in the courtroom during the trial of the prosecution for the alleged theft", but "relate only to the happenings in the defendant's store".

Plaintiff's argument, if accepted, would sanction the placing of a defendant in a civil suit to recover damages for false arrest and malicious prosecution in an "impossible, intolerable, unjust and nondefensible litigation posture" (see *Maxie v Gimbel Bros.*, 102 Misc 2d 296, 302, *supra;* see, also, *Koump v Smith,* 25 NY2d 287, 294, *supra*), solely because a preliminary hearing was not held. Such an argument must be rejected. Indeed, in the absence of a preliminary hearing, it is the testimony and facts elicited during the criminal trial, as well as any rulings by the court on the sufficiency of the People's prima facie case, which bear on the issue of probable cause or the lack thereof and are therefore relevant and necessary to the prosecution and defense of the civil actions for false arrest and malicious prosecution (*Broughton v State of New York,* 37 NY2d 451, *supra*). As the Court of Claims recently stated in granting the State's motion for an order compelling a claimant in a claim for false arrest and malicious prosecution to execute an authorization for the unsealing of criminal "records" (*Matter of Iazzetta v State of New York,* 105 Misc 2d 687, 688): "Nevertheless, the information contained in the records of the criminal proceeding is undoubtedly relevant and perhaps vital to the defense of the claim as bearing, among other things, on the issue of probable cause" (cf. *Matter of County of Nassau v Heine,* 80 AD2d 640).

Accordingly, the order appealed from should be reversed, and defendant's motion should be granted to the extent that unless plaintiff delivers appropriate consents and authorizations to the defendant to examine, inspect and copy the criminal trial transcript and record in the case of *People of the State of New York v George Gebbie,* plaintiff shall be precluded from introducing at trial any evidence

relating to the causes of action for malicious prosecution and false arrest.

DAMIANI, J. P., GULOTTA and BROWN, JJ., concur.

Order of the Supreme Court, Nassau County, dated September 24, 1982, reversed, with costs, and motion granted to the extent set forth in the opinion herein. Plaintiff shall execute and deliver the appropriate consents and authorizations within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.