Hon. Donald O. Chesworth Superintendent New York State Police
You have indicated that the Division of State Police maintains information and records that may become confidential or sealed under various statutes providing for the confidentiality or sealing of arrest records and records relating to the disposition of charges in cases decided in favor of the defendant. As examples you have cited section160.50 of the Criminal Procedure Law and section784 of the Family Court Act. You ask whether and under what circumstances the Division may make available such confidential or sealed records for purposes of defending a false arrest action against the Division or its members brought by the defendant in those cases.
The purpose of section 160.50 is to assure future anonymity for a person acquitted after prosecution upon a criminal charge (Maxie v GimbelBros., 102 Misc.2d 296 [Sup Ct, N Y Co, 1979]). Under the terms of the statute, the defendant in a false arrest action has no right to examine the sealed records (ibid.). In several cases involving motions for discovery of criminal records sealed under section 160.50 of the Criminal Procedure Law, the courts have ruled that the plaintiff would be precluded from introducing evidence of false arrest without the delivery to the defendant of appropriate consents and authorizations to permit access to the records of the criminal proceeding resulting from the arrest (Gebbie v Gertz Division, 94 A.D.2d 165 [2d Dept, 1983]; Lott vGreat Eastern Mall, 87 A.D.2d 978 [4th Dept, 1982]; Mtr. Iazzetta v Stateof NY, 105 Misc.2d 687 [Ct Cl, 1980]; Maxie v Gimbel Bros., supra). In an action for false imprisonment or false arrest, the acquittal after trial or dismissal of the criminal action is not dispositive of the civil suit (Gebbie v Gertz Division, supra, p 171; Maxie v Gimbel Bros, supra, p 301). The issue is whether there were reasonable grounds for the detention (ibid.). A finding of probable cause in a preliminary hearing or by a grand jury indictment in the underlying criminal matter would be germane to an attempt to establish the defense of "reasonable grounds" for the detention (ibid.). In the absence of a preliminary hearing or grand jury indictment, it is the testimony and facts elicited during the criminal trial, as well as any rulings by the court on the sufficiency of the People's prima facie case, which bear on the issue of probable cause and are therefore relevant and necessary to the defense of the civil action of false arrest (id., 174).
Accordingly, the courts have provided that a plaintiff may not go forward with proof of an action for false arrest unless he delivers the necessary consents permitting access by the defendant to the sealed records of the preliminary hearing (Maxie v Gimbel Bros., supra), or to the criminal trial transcript and record of the case (Gebbie v Gertz Division,supra).
To permit a plaintiff to maintain a privilege while continuing the prosecution of such a civil case would allow the use of the privilege as a sword rather than a shield and thereby place the defendant in an impossible, intolerable, unjust and nondefensible litigation posture (Maxie v Gimbel Bros., supra, p 302). The courts have acted to prevent the unfair continuation of the action by a plaintiff who insists upon maintaining the right to claim the privilege (id., 303; Koump v Smith,25 N.Y.2d 287, 294 [1969]).
We note that the cases cited above were decided under section160.50 of the Criminal Procedure Law. However, your question is a general one. In the case of any other statutes providing a similar privilege, it is necessary to examine the statute to determine whether the Legislature has provided for access. If the statute is silent, it will be necessary to make a motion to the court for access to the records sought, as under section 160.50 of the CPL.
We conclude that upon motion of a defendant in a false arrest action for access to sealed records of the criminal proceeding resulting from the arrest, the courts have conditioned the plaintiff's right to pursue the action upon his waiver of confidentiality.