◼ In the Matter of MAXWELL TAYLOR et al., Appellants, v JOSEPH LOGUERCIO et al., Respondents. — Appeal by petitioners from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated October 12, 1983, denying their application to compel the clerk of the First District Court of Suffolk County to permit the inspection of certain criminal files sealed pursuant to CPL 160.50, without prejudice to petitioners' right to seek appropriate relief in the Federal District Court having jurisdiction over the parties.

Judgment affirmed, with costs.

Petitioners commenced an action against respondents in the Federal District Court alleging, *inter alia,* violations of their Federal civil rights. Respondents (defendants in the Federal action) counterclaimed, *inter alia,* for damages for alleged malicious prosecution. Thereafter, the Federal court denied an informal application made by petitioners to inspect certain criminal files sealed by the State court pursuant to CPL 160.50 on the ground that they were needed to defend the counterclaim. The court's denial was oral, and made during a three-way conference call between the court and the parties' attorneys. Petitioners then made the subject formal application in the Supreme Court, Suffolk County.

As we stated in *Matter of County of Nassau v Heine* (80 AD2d 640, 640-641, mot for lv to app den 53 NY2d 607), once a sealing order has been issued, "with limited exceptions (see par [d]), the statute on its face imposes a continuing obligation on the criminal court to shield official records from disclosure". None of the enumerated exceptions is applicable at bar (see *Matter of Hynes v Karassik,* 47 NY2d 659, 663, mot for rearg den 48 NY2d 633). Moreover, under CPL 160.60, the person for whom the action terminated favorably cannot be required to divulge information pertaining to the arrest or prosecution except in limited circumstances also not applicable at bar.

While we have held that the statutory protection under CPL 160.50 may be waived by a party commencing suit for malicious prosecution (*Gebbie v Gertz Div.,* 94 AD2d 165), we need not decide whether that holding should be applied in this case. The Federal District Court has jurisdiction over the pending underlying action and the parties. Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.