■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MELENDEZ, Appellant.—

The defendant's contention that the submission of verdict sheets to the jury deprived him of a fair trial is not preserved for appellate review (CPL 470.05 [2]; People v Battles, 141

AD2d 748). Under the circumstances of this case we find no reason to exercise our interest of justice jurisdiction.

We are satisfied that the trial court's remarks apologizing to the jury for the delay occasioned by the defense counsel's request for a second continuance to locate an "essential" witness were not prejudicial nor did these comments prevent the jury from arriving at an impartial judgment on the merits *(see, People v Moulton,* 43 NY2d 944; *cf., People v De Jesus,* 42 NY2d 519). Similarly, with respect to the alleged improprieties in the prosecutor's summation, a review of the record indicates that the summation was generally within " 'the four corners of the evidence' " *(People v Ashwal,* 39 NY2d 105, 109). Although certain comments made by the prosecutor during his summation were better left unsaid, the court's subsequent instructions to the jury eliminated any potential prejudice to the defendant. In any event, any errors in the prosecutor's summation were harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Galloway,* 54 NY2d 396; *People v Crimmins,* 36 NY2d 230; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

Finally, the imposition of consecutive sentences was appropriate under the facts of this case because the offenses charged involved separate and distinct acts which do not share common material elements *(see, People v Day,* 73 NY2d 208, 212; *People v Brathwaite,* 63 NY2d 839, 843; *People v Underwood,* 52 NY2d 882, 883; *cf.,* Penal Law § 70.25 [2]). Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.