*296 OPINION OF THE COURT
Herman Cahn, J.
Motion numbers 004 and 005 are consolidated for the purposes of disposition.
Plaintiff Alberto Rodriguez (Rodriguez) moves for partial summary judgment on the issue of liability, as to the causes of action for false arrest and for violation of his civil rights against defendant City of New York (City).
This action arises out of events that took place on May 28, 1982. While Rodriguez was riding on a bus on Fifth Avenue, he was detained by members of the New York City Police Department because the police suspected that he was the perpetrator of an earlier mugging. The officers took Rodriguez back to the scene of the crime, and asked the complainant to identify him. The complainant, however, was unable to do so. Instead of releasing Rodriguez at that time, the police took Rodriguez back to the police station apparently in order to ascertain his identity. An arrest was made and then voided. As a result of this experience, Rodriguez claims to have suffered serious damage. Rodriguez now brings this action for false arrest and deprivation of his civil rights.
In an action for false arrest, plaintiff must prove four elements. Plaintiff must show (1) that defendant intended to confine him; (2) that plaintiff was conscious of the confinement; (3) that plaintiff did not consent to the confinement; and (4) that the confinement was not otherwise privileged. (Gebbie v Gertz Div. of Allied Stores, 94 AD2d 165 [1983].)
Furthermore, when an arrest is made without a warrant, the officer has acted outside the scope of the legal process and therefore a rebuttable presumption arises that such an arrest is unlawful. (Broughton v State of New York, 37 NY2d 451, 458 [1975]; Luppo v Waldbaum, Inc., 131 AD2d 443 [1987].) The defendant has the burden of raising and proving the affirmative defense of probable cause. (Broughton v State of New York, supra, at 458.)
Here, Rodriguez has satisfied the burden of proving the four requisite elements for an action for false arrest. The record clearly shows that the police officer intended to detain and thus confine Rodriguez; that Rodriguez was fully conscious of his detainment and arrest; that he did not consent to the arrest; and finally that the arrest was not privileged.
Moreover, although the affidavit submitted in opposition to the motion claims that the officer had probable cause to *297 detain Rodriguez, the facts do not demonstrate any justification for the continued detention of Rodriguez once the complainant was unable to identify him as the perpetrator. Probable cause ceased to exist at that time. (See, Broughton v State of New York, supra, at 458; cf., Gisondi v Town of Harrison, 72 NY2d 280 [1988].) The affidavit was made by an attorney without any personal knowledge.
The court notes that the justification for allowing an on-the-scene viewing is that if the person viewed is not identified, he can be released. Once the victim here failed to identify the plaintiff, he should have been released. (People v Hicks, 68 NY2d 234, 242, and cases cited therein.)
Defendant has offered the court no reasonable explanation as to the necessity of bringing Rodriguez back to the precinct. Defendant only asserts that this was the arresting police officer’s usual custom. Therefore Rodriguez has sufficiently proven the issue of liability for the false arrest claim and should be granted summary judgment as to that issue. Defendant’s bald conclusory allegations are insufficient to defeat plaintiff’s prima facie case. (McGahee v Kennedy, 48 NY2d 832; Speller v Ryder Truck Rental, 47 AD2d 608.)
Rodriguez’s second cause of action alleges violation of the civil rights guaranteed to him by the Constitution of the United States. In order to bring a Federal civil rights claim (42 USC § 1983) against a municipality, plaintiff must allege a deprivation of a constitutional right and that the act that deprived plaintiff of the constitutional rights was either the result of an "official policy” of the municipality, or that it was the "custom” of such municipality though not formally approved of by the official decision-making channels. (Monell v New York City Dept. of Social Servs., 436 US 658, 690-691 [1978].)
In the instant case, even were Rodriguez to have met the Monell requirement for bringing the Federal civil rights claim, he is nevertheless barred from recovering on this claim because a plaintiff may not recover under both 42 USC § 1983 and State tort law, if both claims are based on the same facts. (Savage v Snow, 575 F Supp 828, 837 [SD NY 1983].) Therefore, since summary judgment is granted in favor of Rodriguez with regard to the issue of liability on the false arrest claim, he is barred from recovering on his Federal civil rights claim.
For the foregoing reasons, Rodriguez’s motion for partial summary judgment is granted as to the claim of liability on *298 the part of the City on the cause of action for false arrest and is denied for the Federal civil rights claim. That claim is dismissed.
Any outstanding discovery shall be completed expeditiously. Plaintiff is directed to file a note of issue, for the purpose of obtaining a trial date for assessment of damages, within 10 days after completion of discovery.