■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ACEVEDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 9, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing consecutive indeterminate terms of 20 years to life imprisonment and 5 to 15 years imprisonment, respectively.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof that the indeterminate terms of imprisonment shall run consecutively, and substituting therefor a provision that the indeterminate terms of imprisonment shall run concurrently.

The defendant testified that he and the deceased had an argument, and that the deceased drew an automatic weapon and fired two shots at him. The defendant further testified that he then fired at the deceased, and that he would not have fired his weapon had the deceased not fired first. The People's witnesses, however, testified that the defendant fired first. Essentially, the central question was one of credibility as to who fired first. The defendant claims that the Trial Judge did not adequately stress the subjective elements of the defendant's actions and beliefs, and that it applied an overly objective standard in his charge in justification. While we agree that the charge fell short of the blend of objective and subjective criteria described in *People v Goetz* (68 NY2d 96), and *People v Wesley* (76 NY2d 555), under the circumstances of this case the error was harmless.

We further find that although the trial court's treatment of defense counsel was unnecessarily harsh at times, that treatment did not deprive the defendant of a fair trial.

The trial court properly limited the defendant's questioning of one of the People's witnesses with respect to where he bought his illegal drugs. Since the witness had already testified that he did not buy illegal drugs from the People's other principal witness or from the defendant, the testimony sought by the questions in issue was of no relevance to the case and posed a danger of misleading the jury *(see, People v Scarola,* 71 NY2d 769, 771).

The court similarly acted within its discretion in refusing to unseal the arrest records of two of the People's witnesses *(see,* CPL 160.50; *Matter of District Attorney of Suffolk County,* 58 NY2d 436, 442). Once a sealing order is in place, CPL 160.50 imposes a continuing obligation on the court to shield official records from disclosure *(Matter of Taylor v Loguercio,* 106 AD2d 391). The defense counsel made no showing that any information contained in these records would have demonstrated the witnesses' bias in favor of the victim or hostility to the defendant. Moreover, the defense counsel was permitted to fully cross-examine these witnesses with regard to their prior convictions and drug-related activities *(see, People v Adger,* 144 AD2d 475, *mod on other grounds* 75 NY2d 723).

We also find that the consecutive sentences imposed were legally permissible. The record supports the People's contention that the convictions stemmed from separate and distinct acts *(see,* Penal Law § 70.25 [2]; *People v Melendez,* 158 AD2d 720; *People v Duhaney,* 157 AD2d 665). However, in the

exercise of our interest of justice jurisdiction, we find that the sentences of imprisonment should have been made to run concurrently rather than consecutively.

We have considered the defendant's remaining contentions and find that they are without merit. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.