■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMBERT CHARLES, Appellant. [642 NYS2d 38] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered September 7, 1993, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to a lesser crime in the indictment and agreed to the imposition of consecutive sentences as part of the negotiated plea agreement. He now contends that consecutive sentences were illegally imposed. Initially, we note that review of this issue is not precluded by the defendant's waiver of his right to appeal (*see, People v Seaberg,* 74 NY2d 1, 9).

Consecutive sentences for manslaughter in the first degree

and criminal possession of a weapon in the third degree are not *per se* illegal (*see, People v Ford,* 86 NY2d 397; *People v Davis,* 174 AD2d 369; *People v Melendez,* 158 AD2d 720), and the plea allocution does not establish that consecutive sentences were improper under the facts of this case (*see generally, People v Laureano,* 87 NY2d 640; *People v Day,* 73 NY2d 208; Penal Law § 70.25 [2]).

We have examined the record and find that the defendant's plea of guilty was knowingly and voluntarily entered. The factual recitation did not cast significant doubt on the defendant's guilt or otherwise call into question the voluntariness of his plea (*see, People v Lopez,* 71 NY2d 662). Accordingly, the judgment is affirmed. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.