■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES MCBRIDE, Appellant. [836 NYS2d 621]—Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Silverman, J.), dated November 22, 2004, which denied his motion pursuant to CPL 440.20 (3) to vacate a sentence imposed February 6, 1995, upon his conviction of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty.

Ordered that the order is affirmed.

The defendant's motion pursuant to CPL 440.20 (3) to vacate the sentence was properly denied. By motion, the defendant previously raised the issue of the legality of the imposition of consecutive sentences imposed upon his conviction of manslaughter in the first degree and criminal possession of a weapon in the second degree upon his plea of guilty. The defendant had been indicted for murder in the second degree and two weapon offenses. His earlier motion, pursuant to CPL 440.20 (3), was denied on the merits. There has been no retroactively effective change in the controlling law on the issue in the interim.

In any event, the facts adduced upon the plea allocution were sufficient to establish the defendant's commission of the weapon offenses separate and distinct from the subsequent homicide. Thus, the facts support the consecutive sentences imposed (*see People v Lugo*, 236 AD2d 560 [1997]; *People v Charles*, 226 AD2d 736, 737 [1996]; *People v Gaskin*, 220 AD2d 768 [1995]).

The inclusion of a claim premised on *Apprendi v New Jersey* (530 US 466 [2000]), does not warrant a different result. There is no merit to the claim that the imposition of consecutive sentences violated the defendant's constitutional rights (*see People v Crosby*, 33 AD3d 719, 720 [2006]; *People v Pritchett*, 29 AD3d 828, 829 [2006]; *People v Andre L.*, 18 AD3d 575, 576-577 [2005]). Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.