In the Matter of ANONYMOUS, an Attorney, Respondent. DE-PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-CIAL DEPARTMENT, Petitioner.

First Department, November 27, 1990

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department moves for an order unsealing the transcript of the trial testimony of respondent and his client, two documents introduced in evidence and all tape recordings, and transcripts thereof, of conversations between respondent and his client. We grant the motion to the extent of unsealing the requested tape recordings and transcripts thereof.

In January 1986, after learning that respondent attorney had been indicted the previous December for second degree bribery and attempted official misconduct, the Departmental Disciplinary Committee, *sua sponte*, commenced an investigation of respondent. In March 1986, a jury acquitted respondent of all criminal charges and the trial court sealed the record pursuant to CPL 160.50. The District Attorney's office informed the Disciplinary Committee attorney then handling the matter of the acquittal and told him that tape recordings of conversations between respondent and his client—the person through whom respondent allegedly attempted to bribe a State Liquor Authority official—had been introduced in evidence at the trial and that both respondent and his client had testified.

This is the Disciplinary Committee's third motion to unseal the files of the Supreme Court and the District Attorney pertaining to the criminal proceeding. The first was denied on October 15, 1986, without prejudice to an application pursuant to *Matter of Dondi* (63 NY2d 331); on March 16, 1987, the court denied the Disciplinary Committee's second motion (which limited the request to the trial transcript and all tape recordings used in the prosecution of the case). The Disciplinary Committee has again moved to unseal the record; this time the request is limited to the tape recordings previously sought, the transcripts of the trial testimony of both respondent and his client, and two documents placed in evidence at the trial.

While we do not think that a sufficient showing has been made with respect to the trial transcripts and documentary evidence, we believe that the case has been made for the unsealing of the tape recordings and transcripts thereof.

This court's discretionary power to permit the unsealing of criminal records may be invoked "upon a compelling demonstration * * * that without an unsealing of criminal records, the ends of protecting the public through investigation and possible discipline of an attorney cannot be accomplished". *(Matter of Dondi, supra,* 63 NY2d, at 338.) In *Dondi,* the Court of Appeals held that unsealing was unjustified as "[t]he request set forth no facts indicating that other avenues of investigation had been exhausted or thwarted or that it was probable that the record contained information that was both relevant to the investigation and not otherwise available by conventional investigative means." *(Supra,* at 338-339; *see also, Matter of Police Commr. of City of N. Y.,* 131 Misc 2d 695, 701-702.)

After the court's March 6, 1987 denial of the Disciplinary

Committee's motion to unseal, respondent was examined under oath by the Committee's Deputy Chief Counsel. Respondent admitted during this examination that he had conversations with his client, whose father was a State Liquor Authority official, regarding an "illegal" liquor license application made by a potential competitor of respondent's friend and that he handed his client $1,000 cash in a sealed envelope. Respondent maintained, however, that he had merely asked his client to "help" him "pass" some information to someone in the State Liquor Authority who could see if there was "corruption" taking place, and that the $1,000 payment represented a refund of the client's retainer fee in exchange for the client's assistance in passing the information on to the State Liquor Authority.

The affidavit of the client submitted in connection with this motion states that while he does not "remember exactly what each of [them] said during each of ·[the recorded] conversations", the "gist" of the conversations was that respondent "offered to give [him] money if [he] would get somebody at the State Liquor Authority to put the 'kabash'[*] on the 'illegal' liquor license application" threatening respondent's friend's business.

In our view, the Disciplinary Committee's showing, made for the first time on this application—the substance of the conversations, that respondent offered an exculpatory explanation of them and that the client recollected only their essence, not the precise language used—is sufficient to establish that "other avenues of investigation have been exhausted" and that the information contained in the tape recordings, i.e., the actual conversations, intonations and all, between the principal players, not just a summary or characterization thereof, is "both relevant to the investigation and not otherwise available by conventional investigative means." *(Matter of Dondi, supra,* 63 NY2d, at 339.)

Thus, the motion should be granted to the extent indicated.

SULLIVAN, J. P., ROSS, ROSENBERGER, ELLERIN and RUBIN, JJ., concur.

Motion granted solely to the extent of directing the District Attorney of New York County to make available to the Departmental Disciplinary Committee certain material, as indicated, and the motion is otherwise denied.

---

* The client stated that he understood "kabash" to mean cancel or stop the "illegal" license application.