■ GRACE M. VAN LOON, Respondent, v STEVEN MOSKOWITZ et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 6, 1989, which denied their application to unseal the records of a certain criminal action.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants, alleging that she injured her ankle when she tripped over a defect in the defendants' driveway. The defendants moved to unseal certain criminal records in order to advance their contention that the plaintiff incurred this injury when she was assaulted by her boyfriend. The plaintiff does not dispute that she was the victim of an assault on the same day which resulted in a criminal complaint and that the records of the criminal action were subsequently sealed pursuant to CPL 160.50. The defendants concede that they are not entitled to access to the records under CPL 160.50 (1) (d) but request that the court exercise its inherent power to unseal the records in the interest of justice (see, Matter of Hynes v Karassik, 47 NY2d 659).

We find that the court properly denied the defendants' application. The court's inherent power to unseal records should be exercised rarely and only in extraordinary circumstances (see, Matter of Hynes v Karassik, supra). Such circumstances are not present in this case. We note that there is no indication in the record before us that the defendant in the criminal action was provided an opportunity to be heard in opposition to the motion to unseal the records in that criminal action. The information is sought primarily for impeachment purposes, and there are other sources of this information available to the defendants. Finally, since the defendant in the criminal action is not a party to this civil action, the defendants may not rely on the theory of an implied waiver of the protection of CPL 160.50 (see, e.g., Taylor v New York City Tr. Auth., 131 AD2d 460; Gebbie v Gertz Div., 94 AD2d 165). Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.