[600 NYS2d 513]

In the Matter of NEW YORK STATE POLICE, Respondent, v CHARLES Q., Appellant.

Third Department, July 15, 1993

**APPEARANCES OF COUNSEL**

*Caputo, Aulisi & Skoda,* Gloversville *(Richard T. Aulisi* of counsel), for appellant.

*Robert Abrams, Attorney-General,* Albany *(Nancy Spiegel* of counsel), for respondent.

**OPINION OF THE COURT**

MERCURE, J.

As the result of an investigation by members of the City of Gloversville Police Department and the State Police, respondent, a State Trooper, was arrested on March 5, 1991. Respondent was subsequently indicted in Fulton County for various counts of rape in the second degree, sodomy in the second degree, sexual abuse in the second degree and endangering the welfare of a child as the result of alleged contact with a female under the age of 14. Respondent was suspended from his position as a State Trooper on the day of his arrest and, on September 19, 1991, was served with disciplinary charges based upon the same conduct as that underlying the criminal charges. The parties consented to postpone the disciplinary proceeding pending the conclusion of the criminal action. On June 30, 1992, a jury acquitted defendant of all charges. County Court subsequently signed an order pursuant to CPL

160.50 directed to, among others, the State Police, providing that "[a]ll official records and papers relating to [respondent's] arrest or prosecution BE SEALED and not made available to any person or public or private agency except as provided in [CPL 160.50 (1) (d)]".

In October 1992, petitioner made this application pursuant to CPL 160.50 (1) (d) (ii) and County Court's "inherent power" seeking an order unsealing and authorizing the use in the pending disciplinary proceeding of tape recordings of conversations between respondent and the victim and respondent and the victim's foster mother, prior written statements (as limited by petitioner's brief) of the victim and her foster mother taken shortly after the criminal charges were filed, and the transcripts of trial testimony of witnesses expected to testify at the hearing. Respondent cross-moved for an order directing petitioner to turn over to him all material obtained in connection with the criminal investigation and trial and forbidding the use in the pending administrative proceeding of any information "derived from" the material previously sealed by County Court's order. County Court concluded that, in seeking records "in aid of a departmental disciplinary proceeding", petitioner was not acting as a "law enforcement agency" within the purview of CPL 160.50 (1) (d) (ii); nonetheless, in the exercise of its "inherent power to unseal [its] records when justice demands" *(Matter of Police Commr. of City of N. Y.,* 131 Misc 2d 695, 701), County Court granted petitioner's application and denied respondent's cross motion. Respondent appeals.

■ Initially, we agree with County Court that, in conducting a disciplinary proceeding concerning one of its own employees, petitioner is acting as a public employer, not a "law enforcement agency", and is not entitled to obtain sealed records under CPL 160.50 (1) (d) (ii) *(see, Matter of Police Commr. of City of N. Y., supra).* Although there is no question that petitioner has an obligation to protect the public from a potentially unfit State Trooper, no less compelling an obligation rests upon the employers of school teachers, playground attendants, child protective service workers and numerous other public employees. CPL 160.50 (1) (d) provides those employers no access to sealed records. Nor are we persuaded by petitioner's reliance upon CPL 160.50 (1) (d) (v), which affords the prospective employer of a peace officer access to sealed records without the necessity of a court order. The fact

that the Legislature limited the scope of the statutory provision to the hiring of a peace officer and made no provision for access to records in connection with a disciplinary proceeding against a peace officer defeats rather than furthers petitioner's argument *(see, Matter of Degnan v Constantine,* 189 AD2d 423, 425).

There is no question that County Court had inherent authority to unseal the criminal records upon a showing that the material was essential to petitioner's investigation and prosecution of the disciplinary charges against respondent *(see, Matter of Dondi,* 63 NY2d 331; *Matter of Hynes v Karassik,* 47 NY2d 659). Nonetheless, such authority "should be exercised rarely and only in extraordinary circumstances" *(Van Loon v Moskowitz,* 172 AD2d 749; *Matter of Hynes v Karassik, supra,* at 664). Notably, such discretionary power may not be invoked in the absence of a "compelling demonstration, by affirmation, that without an unsealing of criminal records, the ends of protecting the public through investigation and possible discipline of [a police officer] cannot be accomplished" *(Matter of Dondi, supra,* at 338).

In support of its application, petitioner claimed that, because it was both a police agency investigating the criminal charges against respondent and the employer charged with the responsibility of investigating and prosecuting disciplinary charges arising out of the same conduct *(see,* 9 NYCRR 479.1), there was an inevitable overlap of petitioner's roles and intermingling of the evidence gained from the respective investigations. Under the circumstances, the argument continues, County Court's sealing order had the unintended effect of depriving petitioner of the use of at least some of the materials derived from its administrative investigation. Although petitioner's argument has superficial appeal, notably absent is any allegation that "other avenues of investigation had been exhausted or thwarted or that it was probable that the record contained information that was * * * not otherwise available by conventional investigative means" *(Matter of Dondi, supra,* at 339). In fact, in the absence of any indication that the victim and her foster mother are unavailable to testify at the disciplinary hearing, we are not persuaded that their prior statements and trial testimony are truly necessary. To the contrary, it appears that this evidence is sought primarily for impeachment purposes *(see, Van Loon v Moskowitz, supra).* Further, although a sufficiently detailed factual showing could support a finding that the evidence contained in the audio

tapes may not be " 'otherwise available by conventional investigative means' " *(Matter of Anonymous,* 164 AD2d 225, 226, *lv denied* 77 NY2d 804, quoting *Matter of Dondi, supra,* at 339), the conclusory allegations that the evidence is "relevant and necessary" and "will assist the Superintendent of State Police to fulfill his statutory obligation" are grievously inadequate *(cf., Matter of Anonymous, supra).* Under the circumstances, we conclude that County Court erred in granting petitioner's application.

We were advised at oral argument that the disciplinary proceeding has been concluded unfavorably to respondent. Our determination that County Court erred in unsealing the records will be a proper subject for a CPLR article 78 proceeding challenging the administrative determination. As a final matter, it is our view that County Court did not err in denying respondent's cross motion.

WEISS, P. J., YESAWICH JR., LEVINE and MAHONEY, JJ., concur.

Ordered that the order is modified, on the law, with costs to respondent, by reversing so much thereof as granted petitioner's application for the unsealing of records; application denied; and, as so modified, affirmed.