OPINION OF THE COURT
Emily Jane Goodman, J.
Plaintiffs, victims of a shooting at The Palladium, a night club in New York, have commenced a tort action against the club and various other entities.
*842 In this motion the plaintiffs allege that an individual (described by this court as John Doe Cruz), not a party to this action, was arrested and charged with attempted murder and possession of a weapon, but that all charges against him were dismissed and the court records pertaining to the case sealed in New York City Criminal Court.
Plaintiffs now move to unseal the records of the Criminal Court.*
CPL 160.50 is very specific in providing that upon termination of a criminal action or proceeding against a person in favor of such person, the record of such action or proceeding shall be sealed. The sealing order applies to "all official records and papers * * * relating to the arrest or prosecution.” (CPL 160.50 [1] [c].) Once sealed, these records shall "not [be] made available to any person or public or private agency” (CPL 160.50 [1] [c]), but only to "the person accused or to such person’s designated agent” (CPL 160.50 [1] [d]). The statute provides only six narrowly defined exceptions to its terms, primarily for law enforcement purposes; assisting plaintiffs (or defendants) in civil cases is not among the exceptions.
The purpose of CPL 160.50 is not to assist in the preparation or proof of a civil case, but to insure "that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation.” (Matter of Hynes v Karassik, 47 NY2d 659, 662 [1979].) The language of the statute is mandatory and creates an interest in reputation or privacy on the part of the acquitted or unprosecuted defendant. (See, Anderson v City of New York, 611 F Supp 481, 488 [SD NY 1985].) While the interest recognized in CPL 160.50 has been held not to be constitutionally derived (see, People v Patterson, 78 NY2d 711 [1991]; see also, Griffin v Kelly, 1994 WL 9670 [SD NY 1994]), still the protection it provides is "akin to a privilege” (Maxie v Gimbel Bros., 102 Misc 2d 296, 302 [Sup Ct, NY County 1979]) and absent a waiver by the holder of that statutory privilege, a civil litigant has no right to procure or examine a sealed record. (Supra.)
"Convenience alone will not justify an unsealing” (Matter of Dondi, 63 NY2d 331, 339 [1984]). Nor will unsealing be justified by the mere fact that information in the criminal records *843 is relevant to issues in the civil claim, particularly where, as here, there are other sources of this information available to the defendant. (See, Van Loon v Moskowitz, 172 AD2d 749.) Indeed, contrary to petitioner’s argument, the acquitted criminal defendant would be greatly prejudiced if this court were to divest him of a statutory right without his consent. (See, Maxie v Gimbel Bros., 102 Misc 2d, supra, at 302; Matter of Hynes v Karassik, 47 NY2d, supra, at 662-663.) Therefore, a court’s "inherent power to unseal records should be exercised rarely and only in extraordinary circumstances.” (Van Loon v Moskowitz, supra.)
Moreover, since it is the movant’s position that "the only reason for the unsealing of the record is to allow the victims access to information uncovered,” the request for the Criminal Court file would not be helpful since it would contain no investigatory material; it would have only the Criminal Court complaint, defendant’s "pedigree” and record, court dates, the dismissal and sealing orders. The motion papers establish that the alleged shooter’s identity, address, and criminal record and each of the other matters are already known to the plaintiffs and would therefore shed no new light on the incident or individual.
The plaintiffs moving here for unsealing argue that CPL 160.50, even though for the protection of the accused, should not protect an accused person with an extensive criminal record which they attribute to Mr. Cruz. This argument fails since it ironically shows that the plaintiffs already know a great deal, if not everything contained in the criminal papers, and because no exception is made where the innocent accused has a prior criminal record. That plaintiffs do not regard Mr. Cruz’ privacy as worthy of protection, does not create an exception to the statutory protection provided under CPL 160.50.
For all the foregoing reasons, this court concludes that neither CPL 160.50 nor the interests of justice authorize the unsealing of the Criminal Court records under the circumstances presented. Absent waiver or extraordinary circumstances, "the statute on its face imposes a continuing obligation on the criminal court to shield official records from disclosure.” (Matter of Nassau v Heine, 80 AD2d 640, 641.)
Therefore, petitioner’s motion for an order unsealing the records is denied.

 The motion seeks no records of the District Attorney or police department.