■ In the Matter of CHARLES Q., Petitioner, v THOMAS A. CONSTANTINE, as Superintendent of the New York State Police, Respondent. [612 NYS2d 687] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which terminated petitioner's employment with the Division of State Police.

In March 1991, criminal and disciplinary proceedings were initiated against petitioner, a State Trooper, as the result of allegations that he had engaged in various sex acts with a 13-year-old girl. The disciplinary proceeding was held in abeyance pending resolution of the criminal action, and on June 30, 1992 a jury acquitted petitioner on all charges. In October 1992, the Division of State Police (hereinafter Division) applied for and obtained from the County Court of Fulton County an order unsealing and authorizing the use of certain trial evidence* in the disciplinary proceeding. On appeal, this Court determined that, although County Court had inherent authority to unseal the criminal records upon a showing that the material was essential to the Division's investigation and prosecution of the disciplinary charges against petitioner, the papers submitted by the Division failed to make a sufficient showing of necessity *(Matter of New York State Police v Charles Q.,* 192 AD2d 142). Accordingly, we reversed so much of County Court's order as granted the application for unsealing of the records *(supra).* Although the issue was not then

---

* The evidence consisted of (1) tape recordings of conversations between petitioner and the victim and petitioner and the victim's foster mother, (2) written statements of the victim and her foster mother taken shortly after the criminal charges were filed, and (3) the transcripts of trial testimony of witnesses expected to testify at the hearing.

before us, noting that the disciplinary proceeding had been by that time concluded unfavorably to petitioner, we indicated that the Division's introduction of the erroneously unsealed evidence would be a proper subject for a CPLR article 78 proceeding challenging the administrative determination against petitioner *(supra,* at 146).

The present record establishes that at the disciplinary proceeding, convened in March 1993 before a Hearing Board of the Division (hereinafter the Board), the trial evidence addressed in County Court's unsealing order was admitted into evidence and relied upon by respondent in arriving at the determination finding petitioner guilty of the disciplinary charges. By this CPLR article 78 proceeding, petitioner challenges the administrative determination finding him guilty of the disciplinary charges and dismissing him from the Division, contending primarily that the Board's receipt of illegally obtained evidence requires annulment of the determination and remittal for a new hearing.

We disagree. Our prior determination that County Court erred in unsealing the records by no means compels the conclusion that the evidence thereby released could not be admitted at the disciplinary hearing. Even in a criminal proceeding, evidence obtained through violation of a CPL 160.50 sealing order need not be suppressed if no constitutionally protected right is implicated *(see, People v Patterson,* 78 NY2d 711, 714-715, 717). Petitioner's contrary argument notwithstanding, it is our view that no constitutional right is implicated in connection with the Division's acquisition of the subject evidence. Moreover, in an administrative proceeding, suppression of illegally obtained evidence will be required only when, on balance, the deterrent effect in applying the exclusionary rule outweighs the adverse impact of exclusion upon the truth-finding process *(Matter of Boyd v Constantine,* 81 NY2d 189, 196). In this case, the evidence sought to be suppressed was not even illegally obtained. Rather, it was in the first instance the product of proper police investigation and the prosecution of the criminal charges against petitioner. It became unavailable only as the result of County Court's CPL 160.50 sealing order, following which the Division employed the appropriate legal procedure and obtained an order permitting its release. As such, there is absolutely no basis for a finding that impermissible police activity would be deterred by exclusion of the evidence in this case *(see, Matter of Boyd v Constantine, supra; People v Drain,* 73 NY2d 107, 110; *People v McGrath,* 46 NY2d 12, 31-32, *cert denied* 440 US 972). Under

the circumstances present here, we conclude that the subject evidence was properly admitted by the Board.

Petitioner's remaining contentions either have been rendered academic by the foregoing conclusion or have been considered and rejected.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.