OPINION OF THE COURT
Daniel Palmieri, J.
The People move, ex parte, for an order pursuant to CPL 160.50 (1) (d) (ii) directing the unsealing of the file maintained by the Nassau County District Attorney’s office relating to SI No. 1 of 96, indictment 95142 and to make it available to (1) the Nassau County District Attorney’s office, (2) members of the Internal Affairs Unit of the Nassau County Police Department and (3) with the exception of the Grand Jury minutes, the United States Department of Justice, including the United States Attorney’s office and the Federal Bureau of Investigation.
STATEMENT OF FACTS
On December 30, 1995, Christopher Wade, a 28-year-old black male was shot and killed by a Nassau County police officer. After five months’ investigation of the incident, a presentment was made to a Nassau County Grand Jury which voted a no true bill.
The office of the United States Department of Justice for the Eastern District wishes to review the Nassau County District *628 Attorney’s file with regard to the circumstances of Christopher Wade’s death for possible violations of Federal Civil Rights laws.
Both the Nassau County District Attorney’s office and the Internal Affairs Unit of the Police Department wish to investigate other conduct of the Nassau County police officer who was the subject of the Wade investigation with regard to several other unrelated arrests which resulted in Grand Jury presentments. They wish to investigate whether the same police officer filed false reports or testified falsely. Other than the unsupported, conclusory statement, "In order to properly investigate these allegations, it is necessary to review the information relating to these cases contained in the Wade investigation file”, there are no other specific facts stated to support this request.
CONCLUSIONS OF LAW
For the following reasons this application is denied in its entirety, with prejudice, except as to the United States Department of Justice including the United States Attorney’s office and the Federal Bureau of Investigation, and as to them it is without prejudice.
CPU 160.50 (1) (d) (ii) states such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to "(ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it”. (Emphasis added.) As there is no affirmation in support of such request from the United States Department of Justice, the United States Attorney’s office or the Federal Bureau of Investigation, there has been no compliance with the statutory requirements. Additionally there has been no showing by these agencies that justice requires the unsealing of the file in issue. (Matter of Hynes v Karassik, 47 NY2d 659 [1979], rearg denied 48 NY2d 633.) It is also noted there has been no request for this court to exercise its inherent discretionary power in the interests of justice, to unseal said records and this court chooses not to as there has been no showing of any extraordinary circumstances nor a compelling need. (Matter of Hynes v Karassik, supra, at 664; Matter of Dondi, 63 NY2d 331 [1984].)
The request of the Internal Affairs Unit of the Nassau County Police Department is denied as it is not a "law enforcement agency”, and therefore is not entitled to obtain sealed re *629 cords under CPL 160.50 (1) (d) (ii). (Matter of Joseph M., 82 NY2d 128 [1993]; Matter of New York State Police v Charles Q., 192 AD2d 142 [3d Dept 1993].) The Legislature limited the scope of the statutory authority provision to the hiring of a police officer or peace officer and made no provision for access to records in connection with a disciplinary proceeding against a police officer. (Matter of New York State Police v Charles Q., supra, at 145.)
Turning to the request of the Nassau County District Attorney’s office, CPL 160.50 provides for the sealing of investigatory records relating to the arrest and prosecution of an accused upon the termination of a criminal proceeding in his of her favor. This statute creates a privilege to insure that one who is charged but not convicted of an offense suffers no stigma as a result of having once been the subject of an unsustained accusation. (Kalogris v Roberts, 185 AD2d 335 [2d Dept 1992], citing Matter of Hynes v Karassik, supra, at 662.) To effectuate this purpose, CPL 160.50 employs language that is mandatory. (Matter of Joseph M., supra, at 132.)
CPL 160.50 (1) (d) specifies a few instances when sealed records may be released, of which none apply here. These exceptions have been characterized as "narrowly defined” (Matter of Joseph M., supra, at 132, citing Matter of Hynes v Karassik, supra, at 663) and this statute has been strictly construed, finding no other exceptions could justify making sealed records available. (Matter of Hynes v Karassik, supra, at 663.)
The detriment to one’s reputation and employment prospects which often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful prosecutions. (Matter of Hynes v Karassik, supra, at 662.) The well-recognized purpose for the statutory provision is " 'to ensure that the protections provided to exonerated accuseds be "consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law” ’ ”. (Matter of Vrooman v Dentes, 205 AD2d 235, 237 [3d Dept 1994], citing Matter of Joseph M., supra, at 131.) The Court in Vrooman further emphasized the importance of the legislative objective to remove any stigma flowing from an accusation of criminal conduct terminated in favor of the accused, thereby affording protection (i.e., the presumption of innocence) to such accused in the pursuit of employment, education, professional licensing and insurance opportunities. (Matter of Vrooman v Dentes, supra, at 237.)
*630 As the affirmation of the District Attorney sets forth no facts which indicated that all other avenues of investigation have been exhausted or thwarted, and no specifics were cited as to what information was both relevant to the investigation and not otherwise available by conventional investigative means, there has been no showing that justice requires an unsealing order. (Matter of Dondi, supra, at 339.)
Moreover, it appears this is merely a way to short-cut the investigation, which is not a ground upon which the statute authorizes this court to issue an order to unseal records once a sealing order is in place. CPL 160.50 imposes a continuing obligation on the court to shield official records from disclosure. (People v Acevedo, 176 AD2d 886 [2d Dept 1991].)
To recap, the motion is denied in its entirety with prejudice as to the Nassau County District Attorney’s office and the Nassau County Police Department, except as to the United States Department of Justice including the United States Attorney’s office and the Federal Bureau of Investigation it is denied, without prejudice, upon the proper applications and affirmations.