■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HALL, Appellant. [696 NYS2d 178] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered January 30, 1997, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that certain remarks by the prosecutor during opening statements and summation were improper is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Dien,* 77 NY2d 885; *People v Mapp,* 245 AD2d 307). In any event, the challenged comments were harmless given the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Corrica,* 243 AD2d 722, *lv denied* 91 NY2d 890).

Contrary to the defendant's contention, the court's *Sandoval* ruling reflected a proper balancing between the prejudicial effect of his prior convictions and their probative value on the issue of his credibility (*see, People v Sandoval,* 34 NY2d 371). The mere number of convictions was not unduly prejudicial

(*see, People v Aguilera,* 156 AD2d 698), but rather, was highly probative of the defendant's willingness to place his own interests before those of society (*see, People v Ruiz,* 248 AD2d 647).

The defendant was provided with meaningful representation by counsel throughout the pretrial hearing, the trial, and the sentencing (*see, People v Flores,* 84 NY2d 184, 186; *People v Baldi,* 54 NY2d 137, 147).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.