■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HALL, Appellant. [700 NYS2d 486] —Appeal by the defendant from two judgments of the County Court, Rockland County (Berry, J.), both rendered August 22, 1996, convicting him of (1) driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (2) under Indictment No. 95-00220, upon his plea of guilty, and sentencing him to an indeterminate term of 1⅓ to 4 years imprisonment, to run concurrently with the sentences imposed under Indictment No. 95-00278, and (2) kidnapping in the second degree, unlawful imprisonment in the first degree, and assault in the second degree under Indictment No. 95-00278, upon a jury verdict, and sentencing him to an indeterminate term of 6 to 12 years imprisonment for the conviction of kidnapping in the second degree, to run consecutively with concurrent terms of 3½ to 7 years imprisonment for the conviction of assault in the second degree and 2 to 4 years imprisonment for the conviction of unlawful imprisonment in the first degree.

Ordered that the judgment under Indictment No. 95-00220 is modified, on the law, by reducing the term of imprisonment imposed on the conviction of driving while intoxicated from an indeterminate term of 1⅓ to 4 years imprisonment to an indeterminate term of 1 to 3 years imprisonment; as so modified, the judgment under Indictment No. 95-00220 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 95-00278 is modified, on the law, by vacating the convictions of kidnapping in the second degree and unlawful imprisonment in the first degree, vacating the sentences imposed thereon, and dismissing those counts of that indictment; as so modified, the judgment under Indictment No. 95-00278 is affirmed.

The trial court erred in declining to merge the defendant's kidnapping and unlawful imprisonment convictions into his assault conviction (*see, People v Gonzalez,* 80 NY2d 146; *People v McMahon,* 248 AD2d 642).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt.

Viewing the conduct of the defendant's trial counsel under Indictment No. 95-00278 in its entirety, we reject the defendant's contention that he was denied the effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708; *People v Stacio,* 261 AD2d 560; *People v Cain,* 255 AD2d 596). The defendant failed to demonstrate the absence of any strategic or legitimate explanation for his counsel's conduct at trial (*see, People v Benevento, supra; People v Satterfield,* 66 NY2d 796). Accordingly, we find that the defendant received meaningful representation (*see, People v Benevento, supra*).

The trial court erred in sentencing the defendant to an indeterminate term of $1\frac{1}{3}$ to 4 years imprisonment upon his conviction of driving while intoxicated rather than an indeterminate term of 1 to 3 years imprisonment, as was promised upon the defendant's plea of guilty. Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.