■ In the Matter of RONALD J. HALL, Respondent, v MICHAEL BONGIORNO, Appellant, et al., Respondents. [761 NYS2d 63] —In a proceeding pursuant to CPLR article 78 to review a determination of the District Attorney of Rockland County which denied, in part, the petitioner's request pursuant to the Freedom of Information Law (Public Officers Law art 6) for certain documents pertaining to his three criminal convictions, the appeal, as limited by the brief, is from so much of (1) an order of the Supreme Court, Rockland County (Bergerman, J.),

dated May 23, 2001, as directed the District Attorney of Rockland County to disclose certain grand jury testimony and to contact the Attorney General to obtain certain correspondence, and (2) an order of the same court, dated January 23, 2002, as directed the District Attorney of Rockland County to obtain a fingerprint card for a certain witness, search for criminal records using the fingerprint card, and search for criminal records under certain names allegedly used by the witness as an alias.

Ordered that on the Court's own motion, the notices of appeal from the orders are treated as applications for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the orders are reversed insofar as appealed from, on the law, without costs or disbursements, and the branches of the petition which were for the disclosure of certain grand jury testimony, certain correspondence allegedly in the possession of the Attorney General, a certain fingerprint card, and certain criminal records allegedly in the possession of other agencies, are denied.

The petitioner was convicted under three separate indictments in the Supreme Court, Rockland County. The judgments of conviction were appealed to this Court, which upheld the petitioner's convictions for assault, burglary, and driving while intoxicated (*People v Hall*, 267 AD2d 473 [1999]; *People v Hall*, 264 AD2d 856 [1999]).

The petitioner requested the production of certain material pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) from the District Attorney of Rockland County (hereinafter the District Attorney). When the requested material was not produced, the petitioner commenced this CPLR article 78 proceeding, inter alia, to review the determination of the District Attorney denying the FOIL requests. The Supreme Court granted the petition, in part, and directed the District Attorney to produce certain material. The District Attorney appeals.

The Supreme Court erred in granting that branch of the petition which was to direct the District Attorney to produce certain grand jury testimony. Grand jury minutes are court records, not agency records (*see* Public Officers Law § 86 [1], [3]). They are confidential (*see* CPL 190.25 [4] [a]), and accordingly, are exempt from the ambit of FOIL (*see* Public Officers Law § 87 [2] [a]; *Matter of Mullgrav v Santucci*, 195 AD2d 786 [1993]; *Matter of Gibson v Grady*, 192 AD2d 657 [1993]).

Moreover, the Supreme Court erred in directing the District Attorney to obtain a fingerprint card for a certain witness, to contact the Attorney General to obtain certain correspondence,

and to conduct searches using the fingerprint card and names allegedly used as aliases of a witness. With certain exceptions not pertinent to this case, a public entity is not required to "prepare any record not possessed or maintained by" it (Public Officers Law § 89 [3]; *see Matter of New York Envtl. Law & Justice Project v City of New York,* 286 AD2d 307 [2001]). Thus, the court erred in directing the District Attorney to produce such material. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.