Leventhal, J.,
concurs in the result, and votes to affirm the order insofar as appealed from, with the following memorandum: I agree with my colleagues in the majority that the order denying the petitions to unseal and release the subject grand jury minutes and evidence based on CPL 190.25 (4) should be affirmed insofar as appealed from. I write separately to express my view that the petitioner Letitia James, as Public Advocate for the City of New York (hereinafter the Public Advocate), did not lack capacity to commence and maintain her proceeding.
The Public Advocate, an elected official with the power to sue, is a watchdog over New York City government (see Matter of Madison Sq. Garden, L.P. v New York Metro. Transp. Auth., 19 AD3d 284, 285 [2005]; Matter of Green v Safir, 174 Misc 2d 400, 406 [Sup Ct, NY County 1997]). Pursuant to New York City Charter § 24 (j), the Public Advocate “shall have timely access to those records and documents of city agencies which the public advocate deems necessary to complete the investigations, inquiries and reviews required by this section” (emphasis added). The term “agency” is defined within the New York City Charter as “a city, county, borough, or other office, position, administration, department, division, bureau, board or commission, or a corporation, institution or agency of government, the expenses of which are paid in whole or in part from the city treasury” (NY City Charter § 1150 [2]).
The District Attorney correctly acknowledges that its office is funded by the City of New York (see NY City Charter § 1125). Therefore, while the Office of the District Attorney is not an arm of the City of New York (see NY Const art XIII; County Law § 700 [1]; see also Matter of Kelley v McGee, 57 NY2d 522, 535-536 [1982]), the City Charter provides that the Office of *1042 the District Attorney is a city agency for the limited purpose of determining the Public Advocate’s capacity to request the subject relief. Furthermore, while the grand jury minutes and evidence at issue are not records of the Office of the District Attorney (see Matter of Hall v Bongiorno, 305 AD2d 508, 509 [2003]), the District Attorney is in control of the grand jury proceedings (see CPL 190.25; People v Huston, 88 NY2d 400, 406 [1996]; People v Dawson, 50 NY2d 311, 323 [1980]) and is the custodian of such material (see Matter of Temporary State Commn. of Investigation, 47 Misc 2d 11, 13-14 [Nassau County Ct 1965]).
Moreover, the majority’s determination that the Public Advocate lacks capacity to maintain her proceeding is inconsistent with its determination that the other petitioners have such capacity in this matter. As the majority correctly observes, the list of parties permitted to seek the unsealing of records under CPL 160.50 (1) (d) has been expanded in “extraordinary circumstances” (Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 581 [2014] [internal quotation marks omitted]; Matter of New York State Police v Charles Q., 192 AD2d 142, 145 [1993] [internal quotation marks omitted]) upon a showing of a “compelling demonstration” that disclosure was necessary (Matter of New York State Police v Charles Q., 192 AD2d at 145 [internal quotation marks omitted]). I further believe that this showing, applicable to all of the petitioners, is equivalent to, and coextensive with, a movant’s burden under CPL 190.25 (4) (a).
Therefore, in my view, the Public Advocate should be permitted to assert and maintain her proceeding so as to set forth her claim that she is empowered to investigate the alleged failure of the District Attorney in this matter by seeking disclosure of the subject grand jury minutes and evidence.
Addressing the merits, however, I agree with the majority’s reasoning and determination that, among other things, the petitioners failed to present a compelling and particularized need for access to the subject material. Therefore, the Supreme Court properly denied their petitions.