Goines v State of New York (2025 NY Slip Op 25294)

[*1]

Goines v State of New York

2025 NY Slip Op 25294

Decided on September 17, 2025

Court Of Claims

Chaudhry, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 17, 2025
Court of Claims

Isaiah Goines, Claimant,

againstThe State of New York, Defendant.

Claim No. 138861

For Claimant:BELDOCK LEVINE & HOFFMAN LLPBy: David B. Rankin, Esq. 
For Defendant:LETITIA JAMES, New York State Attorney GeneralBy: Suzette Corinne Merritt, Assistant Attorney General

Zainab A. Chaudhry, J.

Pursuant to a prior order of this Court granting late claim relief, claimant Isaiah Goines seeks damages for injuries sustained when the car he was driving crashed and overturned following a police pursuit by a New York State Trooper (see Goines v State of New York, 78 Misc 3d 698 [Ct Cl 2023]). Briefly, the claim alleges that on April 19, 2021, a state trooper observed claimant exceeding the speed limit on Interstate 84 in Orange County and attempted to pull him over. A high-speed chase ensued, with both vehicles reaching dangerous speeds of approximately 100 miles per hour. Eventually, claimant's car struck a guardrail as it approached an exit ramp, causing him to be ejected and suffer serious injuries. Claimant alleges that defendant acted negligently and with reckless disregard for his safety in violation of Vehicle and Traffic Law § 1104 (e) by initiating and continuing the high-speed pursuit. Defendant now moves to compel claimant to produce authorizations for the release of sealed records held by the Orange County District Attorney (OCDA) and the City of New York Police Department (NYPD) pertaining to related criminal proceedings against claimant that were apparently terminated in his favor (see CPL 160.50 [1] [d]).
According to defendant, the records held by OCDA and NYPD pertain to claimant's "traffic infraction, failure to comply and efforts to evade a traffic stop, and his acquisition and use of a stolen vehicle," and argues that they relate to matters "affirmatively placed at issue" by claimant in this civil action arising from the incident (Merritt Affirm in Supp of Mot, ¶ 8). The [*2]state police report submitted in support of defendant's motion indicates that the vehicle claimant was driving was reported to have been stolen during a carjacking (see Merritt Affirm in Supp of Mot, Exh E). Notably, claimant does not dispute this fact (see Rankin Affirm in Opp, ¶ 9) and, indeed, submitted the relevant page of the same police report to the Court in connection with his motion for late claim relief (see Rankin Reply Affirm, Mot for Late Claim, Exhibit 13; Goines, 78 Misc 3d at 708). The police report also contains other entries by the same investigator noting that the victim of the carjacking positively identified claimant as the suspect in the crime, and that the investigation of the police pursuit and crash ultimately resulted in criminal charges against claimant, including criminal possession of stolen property in the fourth degree, reckless endangerment in the second degree, and unlawful fleeing of a police officer, among others (see Merritt Affirm in Supp of Mot, Exh E; Merritt Reply Affirm, ¶ 5). Although the parties represent that that the criminal action was terminated in claimant's favor, the specific reason for such termination is unknown. In addition, defendant asserts that the records include a collision reconstruction report addressing the causes of the accident (see Merritt Reply Affirm, ¶ 5). OCDA previously denied a request for these records made by defendant pursuant to the Freedom of Information Law, noting that the records were sealed (see Merritt Affirm in Supp, Exh D). Defendant maintains that the records "are critical to the State's defense in this matter" (Merritt Affirm in Supp, ¶ 6).
At discovery conferences in this matter, defendant indicated to the Court that it made multiple demands to claimant to provide authorizations to obtain the sealed records, but claimant refused. Claimant took the position that the records are not relevant and, thus, must remain under seal. After several unsuccessful attempts to resolve the issue, the Court granted defendant permission to make this motion, which claimant opposes. For the reasons stated below, the motion is granted.
CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof[.]" This standard is "'interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Forman v Henkin, 30 NY3d 656, 661 [2018], quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). The trial court, guided by "usefulness and reason," has broad discretion to supervise the discovery process and to decide whether information sought in a demand is material and necessary to the prosecution of a claim (Allen, 21 NY2d at 406; see Pergament v Government Empls. Ins. Co. ["GEICO"], 225 AD3d 802, 803 [2d Dept 2024]).
As further relevant here, CPL 160.50 provides criminal defendants a statutory privilege governing the sealing of the records of a criminal proceeding when that matter terminates in favor of the accused "to ensure confidentiality and protect [that] individual from the potential stigma resulting [therefrom]" (Wright v Snow, 175 AD2d 451, 452 [3d Dept 1991]). Specifically, most "official records and papers" relating to the arrest and prosecution of the accused which are "on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency" (CPL 160.50 [1] [c]).[FN1]

Although privileged materials are generally not discoverable (see CPLR 3101 [b]; Forman, 30 NY3d at 661), privileges are "not absolute" and most are waivable (Green v Montgomery, 95 NY2d 693, 699 [2001]). And significantly, as with other privileges, the privilege afforded under CPL 160.50 "may not be used . . . as a sword to gain an advantage in a civil action" (Taylor v New York City Tr. Auth., 131 AD2d 460, 462 [2d Dept 1987]; see also Matter of Iazzetta v State of New York, 105 Misc 2d 687, 688 [Ct Cl 1980]). Thus, it is well established that "[w]here a party puts into issue in a civil action elements common both to the civil action and to a criminal prosecution, that party waives the privilege conferred by CPL 160.50" (Taylor, 131 AD2d at 462 [internal quotation marks and citation omitted]; see People v Issacs, 239 AD3d 183, 191 [2d Dept 2025], citing Lundell v Ford Motor Co., 120 AD2d 575, 576 [2d Dept 1986]; Gebbie v Gertz Div. of Allied Stores of NY, 94 AD2d 165, 174 [2d Dept 1983], citing Koump v Smith, 25 NY2d 287 [1969] and Prink v Rockefeller Ctr., 48 NY2d 309 [1979]; see also Matter of Abrams v Skolnick, 185 AD2d 407, 408 [3d Dept 1992] [privilege waived where party places in issue elements that are "common or related to" a prior criminal action]; Commercial Union Ins. Co. v Jones, 216 AD2d 967, 967-968 [4th Dept 1995]; Rodriguez v Ford Motor Co., 301 AD2d 372 [1st Dept 2003]; Wright, 175 AD2d at 452; cf. Green, 95 NY2d at 700-701 [discussing waiver of privilege under CPL 160.50 in connection with analysis of waiver in another context]). Where the privilege has been waived, the Court may issue an order directing the accused to provide the opposing party with a duly executed authorization to examine and copy the sealed records (see Taylor, 131 AD2d at 460-461; see also CPL 160.50 [1] [d] [noting that sealed records "shall be made available to the person accused or to such person's designated agent"]). If a party fails to comply with the Court's order, the Court may preclude that party from further prosecuting the party's civil claim or any causes of action as to which the sealed records are relevant to the defense (see Gebbie, 94 AD2d at 174-175; Wright, 175 AD2d at 452; see also Iazzetta, 105 Misc 2d at 688; Maxie v Gimbel Bros., 102 Misc 2d 296, 303 [Sup Ct, NY County 1979], citing Levine v Bornstein, 6 NY2d 892 [1959] [affirming dismissal of action due to plaintiff's failure to comply with orders relating to questions during his deposition]).
Here, claimant has waived the protections of CPL 160.50 by bringing this action and affirmatively placing the information contained in the sealed records into issue. Claimant does not dispute that the sealed records sought by defendant pertain to his allegedly unlawful operation and acquisition of the vehicle he was driving at the time of the underlying incident. Thus, the records are likely to contain information directly relevant to the question whether and to what extent claimant's injuries were caused by his own illegal and culpable conduct. As defendant argues, such information would be material and necessary to its affirmative defense of comparative fault (see Answer, ¶¶ 6, 13), as well as the element of causation.
Moreover, the information may also relate to a potentially dispositive legal issue implicated by the facts of this case—namely, whether the claim is barred by public policy. Indeed, it is well settled that public policy prohibits an individual from recovering for personal injuries directly resulting from that individual's own "'serious violation of the law involving hazardous activities which were not justified under the circumstances'" (Manning v Brown, 91 NY2d 116, 121 [1997], quoting Barker v Kallash, 63 NY2d 19, 26 [1984]; see Kolvenbach v Cunningham, 224 AD3d 826, 828-829 [2d Dept 2024]; cf. Alami v Volkswagen of Am., 97 NY2d 281, 287 [2002]). As the Court of Appeals explained in Manning, the unauthorized and reckless use of a vehicle may qualify as a serious criminal act requiring the application of this policy rule [*3](see Manning, 91 NY2d at 121-122; see also Kolvenbach, 224 AD3d at 828-829 [municipal defendants established entitlement to summary judgment by showing that "[decedent's] actions of driving erratically and speeding in order to evade the police were sufficiently serious" to bar personal injury and wrongful death claims]). Thus, given that the sealed records may bear on several important issues raised in this claim, defendant would be prejudiced if it were prevented from examining them (see Gebbie, 94 AD2d at 174). Claimant's arguments against disclosure lack merit because they are narrowly focused on whether the records are relevant to "whether the officer should or should not have discontinued the pursuit" (Rankin Affirm, ¶ 3), failing to consider that the records may be relevant to questions regarding claimant's own conduct which he has placed at issue by bringing this claim.
Finally, contrary to claimant's suggestion, defendant does not bear the burden on this motion to demonstrate that the information in the sealed records is " 'not otherwise available by conventional investigative means' " (Rankin Affirm, ¶ 10, quoting Matter of New York State Police v Charles Q., 192 AD2d 142, 145 [3d Dept 1993]). Such a showing may be required in contexts where there is no implied waiver of privilege, for example, where a public employer petitions a court to exercise its inherent authority to unseal records in connection with the investigation and potential discipline of an employee (see Charles Q., 192 AD2d at 145, citing Matter of Dondi, 63 NY2d 331, 339 [1984]), or where a plaintiff in a civil action seeks to obtain sealed records pertaining to a nonparty to that action (see Ferreira v Palladium Realty Partners, 160 Misc 2d 841, 842-843 [Sup Ct, NY County 1994]; see also Van Loon v Moskowitz, 172 AD2d 749, 749 [2d Dept 1991]). But where sealed records pertaining to a party that commenced a civil action are sought by an opposing party in litigation, the party that commenced the action will be deemed to have waived the privilege to keep the records sealed under CPL 160.50 as long as the records sought bear on the issues raised in the action (see Taylor, 131 AD2d at 462; Lundell, 120 AD2d at 576; Wright, 175 AD2d at 452).
Accordingly, it is hereby
ORDERED that defendant's motion is GRANTED, and claimant is directed to furnish defendant with authorizations to examine and copy sealed records held by OCDA and NYPD pertaining to any criminal proceedings brought against claimant arising from the incident alleged in this claim. Such authorizations shall be provided within 30 days of the filing of this decision and order.
September 17, 2025Albany, New YorkZAINAB A. CHAUDHRYJudge of the Court of Claims
Papers Considered:1. Claim, filed March 1, 2023;2. Answer, filed March 9, 2023;3. Notice of Motion and Affirmation of Assistant Attorney General Suzette Corinne Merritt in 4. Support of Motion, with Exhibits A-F, filed April 8, 2025;4. Affirmation of David B. Rankin, Esq., in Opposition to Motion, filed July 23, 2025; and5. Reply Affirmation of Assistant Attorney General Suzette Corinne Merritt, filed July 29, 2025.

Footnotes

Footnote 1: Published court decisions and appellate records and briefs are exempt from sealing (see CPL 160.50 [1] [c]).