(March 23, 1988)

■ In the Matter of GARY C. FERGUSON, Petitioner, v PAUL E. CHEESEMAN, as Justice of the Supreme Court, et al., Re-

spondents.—Per Curiam. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to vacate a judgment of respondent Paul E. Cheeseman which validated the designating petition of various respondents for the party positions of delegate and alternate delegate from the 21st Congressional District to the 1988 Republican National Convention.

Respondent State Board of Elections upheld objections filed by respondent Timothy S. Carey and invalidated the designating petition at issue in this proceeding. Respondent candidates (hereinafter the candidates) sought judicial review of the Board's determination by timely commencing a proceeding to validate their designating petition pursuant to Election Law § 16-102. Upon receiving an affidavit from Carey stating that he was withdrawing his objections to the candidates' designating petition and consenting to the validation of the petition, Supreme Court granted the candidates' application and validated their designating petition.

Petitioner, who was neither a party to the candidates' Election Law proceeding nor someone who had filed objections to their designating petition, then commenced this CPLR article 78 proceeding in the nature of prohibition to vacate Supreme Court's judgment and reinstate the Board's determination. Petitioner is himself seeking to become an alternate delegate to the 1988 Republican National Convention from the 21st Congressional District and claims that Supreme Court acted arbitrarily and in excess of jurisdiction in annulling the Board's determination. Respondent Paul E. Cheeseman, the Supreme Court Justice who decided the matter, has moved to dismiss this article 78 proceeding on the ground that it fails to state a cause of action.

Cheeseman's motion should be granted and the petition in this article 78 proceeding dismissed. Despite the labels attached to his claim, what petitioner is seeking in this proceeding is to (1) review the propriety of Supreme Court's ruling in the Election Law validation proceeding commenced by the candidates, and (2) invalidate the candidates' designating petition. As to the first matter, the proper method to challenge Supreme Court's ruling is by way of a direct appeal taken by an aggrieved party; collateral review pursuant to a CPLR article 78 proceeding is not an appropriate mechanism for reviewing this judicial ruling *(see,* CPLR 7801 [2]). Regarding the second matter, we have consistently held that the exclusive remedy for seeking to remove a candidate from the ballot is a proceeding pursuant to the Election Law *(Matter of*

*Scaringe v Ackerman,* 119 AD2d 327, 328-329, *affd* 68 NY2d 885; *Matter of Garrow v Mitchell,* 112 AD2d 1104, 1105, *lv denied* 65 NY2d 607). Having failed to take advantage of the right given to him as an aggrieved candidate to judicially challenge the designating petition at issue herein by way of a proceeding pursuant to Election Law § 16-102, petitioner "cannot avoid the time requirement of the statute by initiating a new and different proceeding having no statutory basis" *(Matter of Scaringe v Ackerman, supra,* at 329).

Motion granted and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.