OPINION OF THE COURT
Rosalyn Richter, J.
This case involves a challenge to an unsealing order issued by this court on July 25, 1997. The prosecutor had submitted an ex parte application pursuant to CPL 160.50 (1) (d) (ii) contending that the sealed criminal records contained information that was necessary for an eviction proceeding pending in Bronx Housing Court. After this court unsealed the records, defendant’s attorney in the eviction proceeding challenged the unsealing order and asked this court to vacate it. The court now grants defendant’s request and directs that the criminal records be sealed.
Before addressing the legal issues, a brief review of the case chronology is required. On July 18, 1996, defendant and her son Carlos Reyes were arrested in defendant’s apartment in the Bronx and charged with felony narcotics possession. The criminal complaint stated that the police entered the apartment pursuant to a search warrant, but did not identify the target of the warrant or provide any other information about narcotics activity in Ms. Canales’ apartment prior to the date of her arrest. On September 4, 1996, the Bronx District Attorney’s Office served notice on Ms. Canales’ landlord, the Department of Housing Preservation and Development (HPD), requesting that the landlord commence eviction proceedings pursuant to RPAPL 715 because the apartment was being used for narcotics possession and sale. The prosecution provided HPD with the felony complaint and the police reports about the July 18 arrest.
On July 31, 1996, Carlos Reyes, Ms. Canales’ son, pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to three to nine years’ incarceration. On November 19, 1996, the prosecution moved to dismiss the criminal charges against Ms. Canales and did not ask for a stay of sealing. The records therefore were sealed. In May 1997, Ms. Canales’ landlord commenced an eviction proceeding pursuant to RPAPL 711 (5) and 715. Copies of the criminal court pleadings and police reports, which had been sealed in November, were annexed to the Housing Court peti *389 tion. After defense counsel brought a motion in Housing Court to strike the sealed documents, the prosecutor, on July 25, 1997, submitted the ex parte unsealing order to this court.[1] This July 25 unsealing order is the subject of the instant decision.
As a general rule, CPL 160.50 requires the sealing of all records once a case has been dismissed and contains only a few narrowly defined exceptions. These exceptions are limited and have been strictly construed. (See, Matter of Joseph M., 82 NY2d 128 [1993]; Matter of Hynes v Karassik, 47 NY2d 659 [1979].) One of these exceptions is contained in CPL 160.50 (1) (d) (ii) which authorizes a law enforcement agency to make an ex parte request to unseal the records of a criminal proceeding "if such agency demonstrates * * * that justice requires that such records be made available to it”. Defense counsel, in the instant motion, argues that the prosecutor should not have been permitted to seek unsealing pursuant to this "law enforcement agency” provision because the records were being sought for use in a civil eviction proceeding.
Although this court has found no cases directly on point, there are several decisions holding that CPL 160.50 (1) (d) (ii) applies only when the criminal justice or government agency is seeking to unseal records for use in a criminal investigation. (Matter of Hynes v Karassik, 47 NY2d, supra, at 665 [Grievance Committee not law enforcement when it sought sealed records for use in attorney discipline]; Matter of New York State Police v Charles Q., 192 AD2d 142 [3d Dept 1993] [related case affirmed in Matter of Charles Q. v Constantine, 85 NY2d 571 (1995)] [State Police not acting as law enforcement when records sought for police disciplinary hearing]; Matter of Police *390 Commr. of City of N. Y., 131 Misc 2d 695 [Sup Ct, NY County 1986] [same holding as Charles Q. case cited above]; People v Blount, 116 Misc 2d 975 [Sup Ct, NY County 1982] [prosecutor not entitled to use this exception to make ex parte motion to unseal records for purpose of perfecting an appeal].) Indeed, as these cases logically hold, the statute’s language permitting, an ex parte application strongly suggests that the Legislature was concerned about protecting the confidentiality of criminal investigations. The need for an ex parte motion is not the same when the records are being used in a civil proceeding.
The District Attorney here contends that her office is proceeding in a law enforcement capacity because the RPAPL, in substance, authorizes the District Attorney to assist private landlords in seeking to evict individuals who are engaged in any illegal trade or business. The fact that the eviction may be based on acts which would constitute a crime does not transform the Housing Court proceeding into a criminal case. Furthermore, the District Attorney has not substituted itself for the landlord and is not a formal party to the eviction proceeding. Rather, as the prosecutor indicated in her motion papers, she is present in Housing Court to assist the landlord if he needs police witnesses or documents to meet his burden of proof.
The District Attorney also argues that this court should exercise its "inherent authority” and keep the records unsealed in the interests of justice. The primary case relied on by the prosecutor in support of this argument is Matter of Dondi (63 NY2d 331 [1984]), which this court finds is distinguishable. In Dondi, the Court of Appeals held that the Appellate Division, by virtue of its authority to oversee attorney discipline, had the power to unseal court records if they were necessary to a disciplinary proceeding begun by the Grievance Committee. The Dondi decision does not mean that the trial court may, simply by relying on a claim of inherent authority, unseal records. Indeed, in a subsequent case, Matter of Joseph M. (82 NY2d, supra, at 134), the Court of Appeals held that the Supreme Court did not have "inherent authority” to unseal records for use in a teacher disciplinary case.
Furthermore, in Dondi (supra), the Court of Appeals reversed the unsealing order issued by the Appellate Division noting that the Grievance Committee had failed to show that the information in the sealed records was relevant and could not be obtained by conventional investigative means. The prosecutor’s affirmation in support of the instant unsealing order similarly *391 fails to establish a compelling need for the sealed records. It also fails to show that the information in those records could not be obtained through other means. For example, the prosecutor fails to discuss why the records of Carlos Reyes, Ms. Canales’ son, would not be sufficient to enable the landlord to meet his burden. The prosecutor also does not discuss whether there are any other witnesses, including tenants in the building, who could be called to testify about narcotics activity in the apartment. Similarly, the prosecution fails to discuss whether the officers who executed the search warrant have any independent recollection of the incident and whether they will be able to testify about their visual observation of narcotics and drug paraphernalia in the apartment.
The affirmation submitted here is virtually identical to the affirmations that this court regularly receives from the narcotics eviction unit. Indeed, during the pendency of this motion, this court has received several requests for unsealing orders, which it has not signed, involving other defendants whose narcotics cases have been sealed and whose records now are being sought for review in connection with an eviction proceeding. The affirmations submitted with these requests all contain the same broad, almost boilerplate language, about the alleged need for the sealed records. This certainly is insufficient to meet the pleading standard set by the Court in Dondi (supra; cf., Matter of Anonymous, 164 AD2d 225 [1st Dept 1990] [Disciplinary Committee entitled to sealed records upon a detailed showing of need and after establishing that information is not available elsewhere]).
In granting the defendant’s request to seal these records, this court acknowledges the legitimate interest of the prosecution in ensuring that the residents of Bronx County are able to live in housing without being exposed to illegal narcotics trafficking. This court fully understands the problems faced by landlords who are trying to ensure that the tenants in their buildings are law abiding. Indeed, the prosecution could have, pursuant to CPL 160.50 (1), sought a stay or denial of sealing at the time it moved to dismiss the criminal case against Ms. Canales. This court has obtained the minutes of the calendar call on the date the case was dismissed and the minutes show that the prosecution never made a request to postpone sealing. This is noteworthy because the District Attorney’s Office had written to Ms. Canales’ landlord almost two months before the criminal case was formally dismissed. Thus, the prosecutor could have brought this issue to the Judge’s attention before the case was sealed.
*392 At the oral argument on the instant motion, the prosecutor explained that the Assistant District Attorney (ADA) handling the criminal matter does not necessarily communicate with the narcotics eviction unit. Therefore, an ADA may move to dismiss the criminal case without considering whether the records will be needed for a Housing Court case which is being coordinated by a different unit of the District Attorney’s Office. This court understands the logistical problem presented when several prosecutors must review the same file, but this difficulty is insufficient to provide a compelling reason to unseal a file in contravention of the clear language of the statute and the controlling appellate decisions. Rather, the impact of sealing on the eviction proceeding and the possible need for those records in that civil proceeding should be considered prior to or at the time of dismissal.
Although CPL 160.50 (1) discusses prevention of sealing, some courts have used this section to decide unsealing orders which do not fall within the "law enforcement exception”. (See, Ferreria v Palladium Realty Partners, 160 Misc 2d 841 [Sup Ct, NY County 1994].) It is not entirely clear whether this section can properly be used to unseal a court record. However, even if this provision gives the Supreme Court unsealing authority (see, Wilson v City of New York, 240 AD2d 266 [1st Dept 1997]), the prosecution still must establish a significant need for the records. If the application were to be considered pursuant to CPL 160.50 (1), the court also would have to determine whether the interests of justice require that the records remain unsealed. (See, People v Dr. Roe, 165 Misc 2d 554 [Sup Ct, Bronx County 1995].) Here, given the limited factual allegations in the prosecutor’s original affirmation and the passage of almost one year since the criminal case was resolved, this court finds that the prosecution has not met its burden to justify the extraordinary remedy of unsealing a criminal record for use in a civil proceeding.[2]

. The prosecutor’s affidavit submitted with the request for the unsealing order did not contain any reference to the pending motion in Housing Court. Rather, it merely contained the following boilerplate language: "unsealing would permit the proceeding to continue which is presently in the Civil Court of the Housing Part 18Y.” This court regularly is asked to sign unsealing orders submitted by the narcotics eviction unit of the District Attorney’s Office and this language appears in almost every affidavit where a proceeding pursuant to RPAPL 715 has been commenced. Although the prosecutor during the oral argument on this motion contended that this language was sufficient, the better practice in this particular case would have been to inform the court that there was a pending motion in another proceeding that directly related to these records. In addition, the affidavit failed to state that the records already had been provided to the landlord and filed in Housing Court. The prosecutor’s failure to include this relevant information unnecessarily complicated the situation and led to this court’s issuance of an unsealing order without having all the relevant facts.

. The defense also informed the court of Ms. Canales’ serious health problems and suggested that the court should weigh this issue in deciding whether unsealing was in the interest of justice. Ms. Canales’ health might be relevant if the court were considering an application to stay sealing pursuant to CPL 160.50 (1) and also might have been relevant if the court had concluded that the prosecutor had met its pleading obligations to show a compelling need to unseal the record. Given the procedural posture of this case, however, the impact of Ms. Canales’ health on this case is best left to the Judge presiding over the eviction proceeding.