*411 OPINION OF THE COURT
Brenda Soloff, J.
Defendant’s motion to vacate the order of this court dated March 10, 2006 unsealing the record in his criminal case is granted. The motion to order the termination of the eviction proceeding is denied without prejudice to renewal in the proper forum.
On June 8, 2005, New York City police executed a search warrant at 242 East 117th Street, apartment 1A in New York county. Mr. Diaz, a resident of the apartment, was one of two targets of the warrant. Both targets were in the apartment, drugs were recovered and both Mr. Diaz and the other target were arrested and charged with class B felonies. It does not appear that they were indicted.* On January 3, 2006, the charges were dismissed against both defendants for failure to accord them a speedy trial. (CPL 30.30 [1].) Sealing was stayed for 30 days. During that time there was no appeal and no request to stay sealing further for the purpose of bringing eviction proceedings. The record was sealed on February 2, 2006 pursuant to CPL 160.50.
On March 10, 2006, the District Attorney sought and obtained from me an order unsealing the case as to both defendants in order to pursue an eviction proceeding pursuant to Real Property Actions and Proceedings Law § 711 (5) and § 715 in the Civil Court of New York City, New York County. On March 22, 2006, the District Attorney sent a letter to the managing agent of the target premises requesting that the landlord begin eviction proceedings. The unsealed records were enclosed in the letter. They included the property vouchers, the search warrant and return and laboratory reports. The demanded proceeding was first scheduled for August 21, 2006, has since been adjourned and is now stayed pending the outcome of this motion.
In support of the motion defendant claims that CPL 160.50 does not permit the District Attorney to unseal records for the purpose of commencing a civil proceeding because he is limited to CPL 160.50 (1) (d) (i) and is not a “law enforcement agency” pursuant to subdivision (1) (d) (ii). Moreover, it is claimed, the District Attorney cannot seek the unsealing of records for use by a third party such as the landlord in this case.
*412 The People argue that they may move for unsealing pursuant to CPL 160.50 (1) (d) (ii) because they are, in this context, a “law enforcement agency” with a specific statutory duty to enforce RPAPL 715. They contend that none of the cases cited in support of the motion require an opposite result and that public policy and statutory law support their position.
While there is no dispute that if the records were not sealed in the criminal case, the District Attorney would have the right to supply records acquired in the course of a criminal investigation, as a “duly authorized enforcement agency . . . under a duty to enforce the provisions of the penal law” for purposes of requiring eviction proceedings (RPAPL 715 [1]), that does not necessarily mean that the People are also a “law enforcement agency” for purposes of the unsealing provisions of CPL 160.50. For the reasons set forth herein, I find that they are not such an agency and that the records as to Mr. Diaz must be resealed and precluded from use in the eviction proceeding.
The defendant insists that the District Attorney can seek to unseal records only in a criminal proceeding pursuant to CPL 160.50 (1) (d) (i) dealing with adjournments in contemplation of dismissal (ACD). He argues that this is the holding of Matter of Katherine B. v Cataldo (5 NY3d 196 [2005]). While this may be too restricted a reading of that case, there can be no doubt that it interprets section 160.50 as a statute to be very narrowly construed. Indeed, the defendant is correct that no case has been cited that supports a claim that the District Attorney is a law enforcement agency for purposes of unsealing the records of a failed prosecution for use in other proceedings against a defendant.
At issue in Katherine B. was an order to unseal prior dismissed cases for the purpose of making sentence recommendations. After rejecting any claim of authority pursuant to CPL 160.50 (1) (d) (i), the Court went on to consider whether the District Attorney could be considered a “law enforcement agency” within the meaning of CPL 160.50 (1) (d) (ii) which allows unsealing on an ex parte motion “if such [law enforcement] agency demonstrates to the satisfaction of the court that justice requires” unsealing. There are then four specific exceptions for unsealing on behalf of gun licensing agencies, the Division of Parole, prospective employers of police or peace officers, and supervising probation officers (CPL 160.50 [1] [d] [iii]-[vi]). None of the exceptions is the one sought here; all have to do with aspects of the criminal justice system. The exceptions are *413 “precisely drawn” which, taken together with the legislative history of the section “strongly suggest that its primary focus is the unsealing of records for investigatory purposes.” (Katherine B. v Cataldo, supra, 5 NY3d at 205.) The result in Katherine B. was that the District Attorney was not, as a prosecutor, entitled to unseal records because the defendant was not seeking an ACD, and was not, as a law enforcement agency, conducting a criminal investigation. In this case, no investigation is being conducted and, indeed, there is no criminal proceeding at all.
The result in Katherine B. is entirely consistent with other cases holding that district attorneys, the Attorney General and even the state police are not law enforcement agencies within the meaning of CPL 160.50 unless their purpose is to further a criminal investigation. (Matter of Hynes v Karassik, 47 NY2d 659 [1979]; Matter of New York State Police v Charles Q., 192 AD2d 142 [3d Dept 1993]; People v Cruz, 1 Misc 3d 908[A], 2004 NY Slip Op 50004[U] [Sup Ct, Bronx County 2004]; People v Davis, NYLJ, Aug. 1,1996, at 26, col 4 [Sup Ct, Queens County]; People v Blount, 116 Misc 2d 975 [Sup Ct, NY County 1982].) Moreover, the similarity of language between CPL 160.50 and RPAPL 715 does not require a different result. The law enforcement agency must still be serving a criminal investigation purpose. In seeking to provide evidence for a civil eviction proceeding, it is not serving such a purpose.
This case is very similar to People v Canales (174 Misc 2d 387 [Sup Ct, Bronx County 1997]). In that case Ms. Canales and her son were arrested and charged with felony narcotics possession in July 1996. The son pleaded guilty later that month and was sentenced to 3 to 9 years in prison. In September 1996, the District Attorney requested the landlord to begin an eviction proceeding. In November, the case against Ms. Canales was dismissed and sealed. The eviction proceeding was not begun until May 1997. After reviewing the law, the court concluded that records could not be unsealed for use in a civil proceeding and that no authority then on the books had upheld such a request. The law nearly 10 years later is, if anything, clearer than at the time of that decision.
CPL 160.50 (1) (d) (ii) requires that two elements be satisfied. Not only must the order be sought by a “law enforcement agency,” but the request must be one that “justice requires” be met. The policy behind the sealing requirement is very strong, designed as it is “to lessen the adverse consequences of unsuccessful criminal prosecutions” (Katherine B. v Cataldo, supra, 5 *414 NY3d at 202, quoting Matter of Harper v Angiolillo, 89 NY2d 761, 766 [1997]). As the court recognized in People v Canales (supra), the policy behind the eviction policy is also strong. Occasionally, however, the latter must bow to the former. It must be remembered that only unsuccessful prosecutions are sealed. If a prosecution is successful, and most are, nothing bars the District Attorney from sending the records to the landlord and requesting eviction proceedings. Only where the prosecution is unsuccessful is that act barred for protection of the individual. The People seem to argue that it is a significant fact in their favor that the case against Mr. Diaz was not dismissed on the merits. It was, however, a favorable disposition (CPL 160.50 [3] [b]). If there is a distinction to be drawn, which I think unlikely, it is in favor of the defendant whom this same District Attorney either could not or could not be bothered to prosecute. It seems a harsh, inappropriate result to default on a prosecution, have the records sealed and then seek eviction.
In short, the District Attorney is not a law enforcement agency entitled to seek the unsealing of records for purposes of eviction proceedings within the meaning of CPL 160.50 (1) (d) (ii). If he were such an agency, he still has failed to meet the standard that “justice requires” the unsealing.
The order of March 10, 2006 ordering the unsealing of the criminal case records is vacated. The records are ordered withdrawn from the eviction proceeding and resealed. The motion to bar the eviction proceeding altogether is denied. Such a motion does not lie here. It may be that the eviction proceeding can go forward without the sealed documents. (See People v Canale s, supra; People v Davis, supra.) In any event, the motion does not lie here.

 Although the motion refers to its exhibit “A” as the indictment, it is, in fact, the felony complaint.