■ In the Matter of JOSE M.O. RODRIGUEZ, Appellant, v CHAUNCEY G. PARKER, as Commissioner of the New York State Division of Criminal Justice Services, Respondent. [830 NYS2d 865]—

Spain, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered February 7, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to seal an indictment contained in petitioner's criminal record.

In this proceeding, petitioner—a pro se inmate at Fishkill Correctional Facility in Dutchess County—challenges the propriety of a determination by the Division of Criminal Justice Services (hereinafter DCJS) refusing petitioner's request to seal all references to indictment No. 315-83 contained in his criminal history report (also known as rap sheet). The convictions for which petitioner is currently imprisoned arose from events occurring in 1982 for which petitioner was originally charged under indictment No. 4919-82, which apparently included and incorporated indictment No. 4920-82. Indictment No. 4919-82 was subsequently superceded by separate indictments—No.

315-83 and No. 365-83. Indictment No. 315-83 resulted in petitioner's 1984 convictions of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, for which petitioner was sentenced to two concurrent prison terms of 20 years to life. The convictions were upheld on appeal and the Court of Appeals denied petitioner leave to further appeal (*People v Rodriguez [Olivo]*, 121 AD2d 928 [1986], *lvs denied* 68 NY2d 815, 816 [1986]). Indictment No. 365-83 resulted in a November 1984 conviction of possession of a shotgun or rifle in violation of a local law, but that conviction was reversed on appeal and the indictment dismissed (*People v Olivo*, 120 AD2d 466, 466 [1986]). In 2001, DCJS sealed all references to indictment No. 365-83 in petitioner's criminal history report as a result of the reversal of this conviction, in accordance with CPL 160.50.

In 2004, petitioner requested DCJS to seal any use of or reference to indictment No. 315-83 as well. DCJS denied the request and, following an unsuccessful administrative appeal, petitioner commenced this proceeding. Supreme Court dismissed the petition, prompting this appeal by petitioner.

We affirm. Whether we analyze the petition as a mandamus to compel DCJS to seal references to indictment No. 315-83 or a mandamus to review DCJS's determination, petitioner's claims fail in that he has neither identified a clear legal right entitling him to the relief he seeks nor demonstrated that DCJS's determination was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [1], [3]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]).

Petitioner relies on CPL 160.50, which provides that records of criminal actions that terminate "in favor" of the defendant shall be sealed. Under no stretch of the imagination could it be said that the criminal action stemming from indictment No. 315-83—resulting in petitioner's current incarceration—terminated in his favor. His argument that upon the sealing of indictment No. 365-83 it was also necessary to seal indictment No. 315-83—because those indictments arose out of the same transaction and, as a result, shared some docket numbers and a connection to the original indictment Nos. 4919-82 and 4920-82—is unavailing. The indictments relate to separate criminal actions, involving different charges, separate trials and resulting in independent dispositions. Neither the statutory language of CPL 160.50, nor purpose or legislative history, supports petitioner's argument that the ultimate dismissal of indictment No. 365-83 entitles him to have references to indictment No. 315-83 sealed, regardless of the fact that they superceded the

same initial indictment and arose out of the same underlying transaction of events (*see generally Matter of Katherine B. v Cataldo*, 5 NY3d 196, 202-205 [2005]). Nor can we accept petitioner's contention that the order sealing indictment No. 365-83 operated to seal references to indictment No. 315-83 simply because the seal order referenced docket numbers shared by the two indictments at issue.

Petitioner's reliance on alleged procedural defects which, he asserts, deprived him of due process, including improprieties in the grand jury proceedings, prosecutorial misconduct and lack of arraignment, are not properly raised within the context of this CPLR article 78 proceeding (*see Matter of Reed v Travis*, 19 AD3d 829, 830 [2005], *lv denied* 5 NY3d 708 [2005]; *Matter of Ferguson v Cheeseman*, 138 AD2d 852, 853 [1988]). Indeed, petitioner had a full opportunity to raise these contentions on his direct appeal of the convictions stemming from indictment No. 315-83 (*People v Rodriguez, supra*).

We have considered petitioner's remaining arguments and find no basis for the relief which he seeks in this proceeding.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.