[63 NYS3d 314]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v F.B., Appellant.

First Department, October 17, 2017

**APPEARANCES OF COUNSEL**

*Cleary Gottlieb Steen & Hamilton LLP*, New York City (*Sharon L. Barbour, Jonathan S. Kolodner, Anjali V. Salvador* and *Alexandra K. Theobard* of counsel), and *The Bronx Defenders*, Bronx (*Amreeta Mathai* and *Runa Rajagopal* of counsel), for appellant.

*Darcel D. Clark, District Attorney*, Bronx (*Robert C. McIver* and *Rafael Curbelo* of counsel), for respondent.

*Brooklyn Defender Services*, Brooklyn (*Lisa Schriebersdorf* of counsel), for amici curiae.

**OPINION OF THE COURT**

KAPNICK, J.

On this appeal we are asked to determine an issue of first impression in this Court: Do the People constitute a "law enforcement agency" within the meaning of CPL 160.55 (1) (d) (ii) when they act in their capacity as an agency authorized,

pursuant to RPAPL 715 (1), to demand that an eviction proceeding be commenced against a defendant so that the defendant's records can be unsealed and used by the landlord in the eviction proceeding? We conclude that they do not.

In November 2013, defendant was arrested and charged with two drug-related misdemeanors and an ammunition-related violation. The arrest, which was pursuant to the execution of a search warrant, took place at defendant's apartment, which he shared with his mother and other family members. The District Attorney's Office ultimately offered defendant a plea to disorderly conduct (Penal Law § 240.20), a noncriminal violation. Defendant accepted the plea in March 2014 and, as part of the plea, agreed to a one-year conditional discharge. Thus, one year later, in March 2015, and with no objection by the District Attorney's Office, the records related to the criminal action against defendant were sealed pursuant to CPL 160.55.

In the meantime, in December 2013, shortly after defendant's arrest, the Narcotics Eviction Unit of the Narcotics Bureau of the Bronx District Attorney's Office had sent a demand letter to the landlord, instructing it to initiate an eviction proceeding against the tenants of defendant's apartment on the basis of defendant's arrest, pursuant to RPAPL 711 and 715. Enclosed with the demand letter were records related to defendant's arrest, including the criminal court complaint, a laboratory analysis, arrest report worksheets, and property vouchers.

The eviction proceeding was repeatedly adjourned, and trial did not commence until June 2015, after the records relating to the criminal action had been sealed. During the trial, the landlord introduced into evidence the documents it had received related to the criminal action against defendant, and counsel for the tenants moved to strike the documents on the ground that they had been sealed pursuant to CPL 160.55. Housing Court granted the motion to strike the sealed records, holding that "[t]o allow the records to be admitted, even though previously disseminated prior to sealing, would be in contravention of the sealing statutes and a violation of [defendant's] due process." The landlord moved to reargue the motion to strike the sealed records, with the support of the District Attorney's Office as amicus curiae. However, Housing Court denied that motion as well, and restored the matter to the calendar.

The People then filed a motion in Supreme Court, Criminal Term, to unseal defendant's records, pursuant to CPL 160.55

(1) (d) (ii), for use by the landlord in the civil eviction proceeding. Supreme Court granted the motion, finding that RPAPL 715 (1), also known as the Bawdy House Laws, "allows any law enforcement agency, such as the District Attorney's Office to compel the landlord to bring eviction proceedings 'when premises are used for any illegal trade, business or manufacture.'" The court further determined that

> "[i]t is in the interest of justice to give landlords the tools necessary to evict persons who use or allow the use of residential premises for the manufacturing and distribution of narcotics or other illegal enterprises . . . It is the responsibility of this Court . . . to see the housing court has all relevant information before making such a determination.

> "It is the opinion of this Court that as [defendant] did enter a plea of guilty to a violation of the penal law, it is the prerogative of the housing court to be aware of the circumstances of that arrest and conviction for purposes of enforcing the Real Property Actions and Proceedings Law."

The court did not determine or even discuss whether the People constitute a "law enforcement agency" under CPL 160.55 (1) (d) (ii), which is a prerequisite to determining whether the records should be unsealed in the interest of justice. Because we find that the People do not constitute a law enforcement agency under the statute, we now reverse Supreme Court's order unsealing defendant's records.

CPL 160.50 and 160.55, known as the sealing statutes, apply when a criminal proceeding terminates in favor of the accused, i.e., acquittal (160.50), or terminates by conviction for a noncriminal offense, i.e., a guilty plea to a violation (160.55). Both statutes dictate when sealing is appropriate, the steps required to seal records, and, as is the focus of this appeal, when sealed records may be unsealed. Under CPL 160.55, when a criminal action or proceeding against an individual is terminated by conviction of, or guilty plea to, a traffic infraction or a violation, "all official records and papers relating to the arrest or prosecution . . . on file with the division of criminal justice services, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency" (CPL 160.55 [1] [c]). Addressing the sister statute, CPL 160.50, the Court of Appeals found that that statute "was designed to lessen the adverse consequences of unsuccessful

criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused" (*Matter of Katherine B. v Cataldo*, 5 NY3d 196, 202 [2005], quoting *Matter of Harper v Angiolillo*, 89 NY2d 761, 766 [1997]). "That detriment to one's reputation and employment prospects often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions. The statute's design is to lessen such consequences" (*id.*, quoting *Matter of Hynes v Karassik*, 47 NY2d 659, 662 [1979]).

Although the Court of Appeals in *Matter of Katherine B.* dealt with CPL 160.50, it noted that "CPL 160.55 (1) (d) (ii) . . . is identical to CPL 160.50 (1) (d) (ii)" (5 NY3d at 201 n 3). Thus, we find that the purpose ascribed to CPL 160.50 and the analysis applied to CPL 160.50 by the Court in *Matter of Katherine B.* should be applied here, notwithstanding that we are addressing CPL 160.55, the sister statute.

Specifically, there are six narrow and precisely drawn exceptions to the rule against unsealing records. At issue in the case before us is CPL 160.55 (1) (d) (ii), which provides that the records shall be made available to

> "a law enforcement agency upon ex parte motion in any superior court, or in any district court, city court or the criminal court of the city of New York provided that such court sealed the record, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it."

Here, the People argue that they are, under these circumstances, acting as a "law enforcement agency" within the meaning of CPL 160.55 (1) (d) (ii) because the District Attorney's Office operates in a unique law enforcement capacity in its nonprosecutorial role of assisting landlords to evict tenants that use the premises for "any illegal trade, business or manufacture" (RPAPL 715 [1]).[1] Thus, in keeping with their

---

1. Specifically, RPAPL 715 (1) provides that if certain premises are used "in whole or in part . . . for any illegal trade, business or manufacture," then
> "any duly authorized enforcement agency of the state or of a subdivision thereof, under a duty to enforce the provisions of the penal law or of any state or local law, ordinance, code, rule or regulation relating to buildings, may serve personally upon the owner or landlord of the premises so used or occupied . . . a written notice requiring the owner or landlord to make an application for the removal of the person so using or occupying" the premises.

obligation to enforce RPAPL 715, the People moved for an unsealing order.

The Court of Appeals in *Matter of Katherine B.* held that the narrow statutory exceptions to the sealing requirement of CPL 160.50 should be strictly construed. In that case, the Court had to determine whether the " 'law enforcement agency' exception in CPL 160.50 (1) (d) (ii) [was] broad enough to encompass an ex parte request by a prosecutor to unseal records for purposes of making sentencing recommendations" (5 NY3d at 203). Ultimately, the Court concluded that the statute's "primary focus is the unsealing of records for investigatory purposes," and that unsealing records for the purpose of making sentencing recommendations in a separate criminal proceeding went beyond such purposes (*id.* at 205). The Court determined that the legislative history as well as the statutory language dictated this result. Specifically, the Court noted that the exception in CPL 160.50 (1) (d) (i) authorizes disclosure, and thus the unsealing of records, to a "prosecutor" in a "proceeding,"[2] whereas CPL 160.50 (1) (d) (ii) authorizes disclosure to a "law enforcement agency" and does not include the word "proceeding" (*id.* at 205). Therefore, the Court determined that unsealing records pursuant to 160.50 (1) (d) (ii) was limited to instances in which the People were acting in an investigatory capacity, and, even then, was only available before the commencement of a criminal proceeding.[3]

Here, the People attempt to distinguish *Matter of Katherine B.*, arguing that the District Attorney's Office in that case

2. Both CPL 160.50 (1) (d) (i) and CPL 160.55 (1) (d) (i) provide that sealed records shall be made available to "a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter." CPL 170.56 and 210.46 both address instances in which an adjournment in contemplation of dismissal (ACD) in marijuana cases may be available to an accused, and, moreover, both statutes dictate that a court cannot order an ACD if the defendant has previously been granted one or has been convicted of offenses involving controlled substances, among other specifically delineated exceptions. Thus, it makes sense that a prosecutor have access to an accused's criminal record in that situation, even if sealed, in order to be sure to comply with CPL 170.56 and 210.46.

3. The Court determined that the term "law enforcement agency" includes "law enforcement entities in addition to police departments and the Division of Criminal Justice Services" (5 NY3d at 204). The Court based this determination on its observation that, within section 160.50, the term "law enforcement agency" is undefined, yet, when it does appear in the statute, it is always in conjunction with the terms "division of criminal justice services," and/or "police department" (*id.*). Moreover, the phrase "police department or law enforcement agency" is used throughout the statute. We further note that the terms "district attorney," "prosecutor's office," and "prosecutor" are

"sought unsealing for a non-investigatory purpose, and . . . the unsealing related to their ongoing prosecution," including sentencing recommendations. However, in this case, according to the People, the District Attorney's Office acted in an investigatory capacity in furtherance of the landlord's litigation. The People contend that their authority pursuant to RPAPL 715 is wholly separate and distinct from the District Attorney's general prosecution of the underlying offenses. Specifically, under RPAPL 715, the People do not directly commence an action, but rather, demand that a third party do so.

This argument is at odds with the Court's conclusion in *Matter of Katherine B*. that the narrow statutory exceptions to the sealing requirement must be strictly construed. Moreover, in *Matter of Katherine B.*, the Court determined that a court's authority to make sealed records available to a prosecutor depended on whether or not a *criminal proceeding* had commenced. Thus, in order to qualify as a "law enforcement agency," as used in CPL 160.50 (1) (d) (ii), not only must the District Attorney's Office be acting in its investigatory capacity, but, also, it must be doing so before the commencement of a *criminal* proceeding. Here, the District Attorney's Office sought to unseal defendant's records so that a third party could use them in a *civil* proceeding against defendant and his fellow tenants. This runs counter to the legislature's intent in drafting the sealing statutes and their narrow exceptions.

Additionally, other courts have rejected this very argument and, although their rulings are not binding upon us, we find their reasoning to be compelling (*see People v Canales*, 174 Misc 2d 387 [Sup Ct, Bronx County 1997, Richter, J.]; *People v Diaz*, 15 Misc 3d 410 [Sup Ct, NY County 2007]). In both instances, the issue before the court was the unsealing of records pursuant to CPL 160.50 (1) (d) (ii), based upon the People's law enforcement authority provided under RPAPL 715. In *People v Canales*, the court observed that the "statute's language permitting an ex parte application strongly suggests that the Legislature was concerned about protecting the confidentiality of criminal investigations. The need for an ex parte motion is not the same when the records are being used in a civil proceeding" (174 Misc 2d at 390 [finding that the District Attorney was not acting in a law enforcement capacity under CPL 160.50 (1) (d) (ii) even though she was authorized under RPAPL 715 to

---

used as well, but never in conjunction with the term "law enforcement agency."

assist landlords in seeking to evict tenants who were engaged in any illegal trade or business]). In *People v Diaz*, which was decided after *Matter of Katherine B.*, the court noted that even though there is a similarity in language between CPL 160.50 (1) (d) (ii) and RPAPL 715 regarding enforcement agencies, the "law enforcement agency must still be serving a criminal investigation purpose. In seeking to provide evidence for a civil eviction proceeding, it is not serving such a purpose" (15 Misc 3d at 413).

Finally, in 2011, several years after *Matter of Katherine B.* was decided, an amendment was proposed in the legislature to address the difference between CPL 160.50 (1) (d) (i) and (ii) and 160.55 (1) (d) (i) and (ii), as highlighted in *Katherine B.*, by adding a seventh exception that would allow "a party in a criminal proceeding" to unseal records if "the moving party demonstrates to the satisfaction of the court that justice requires that the records be made available to such party in connection with the criminal proceeding" (2011 NY Assembly Bill A7389). The Sponsor's Memorandum in support of the legislation argued that the Court of Appeals in *Matter of Katherine B.* had "inappropriately narrowed the situations where the Court may unseal records," including limiting the prosecutor's ability to unseal records pursuant to CPL 160.50 (1) (d) (ii) and CPL 160.55 (1) (d) (ii) to situations in which the records are sought for an investigatory purpose, and then, only before the commencement of a criminal proceeding (Sponsor's Mem, 2011 NY Assembly Bill A7389). The memorandum went on to argue that the Court "limited prosecutorial access to sealed records after commencement [of a criminal proceeding] to the 'singular circumstance' where a defendant requests an ACD in low level marijuana cases" (*id.*).

Despite these arguments, the legislature rejected the proposed amendment. Consistent with the legislature's commitment to limit the instances in which records may be unsealed pursuant to CPL 160.55, we too decline to expand the District Attorney's ability to do so. Thus, we conclude that the People do not constitute a "law enforcement agency" within the meaning of CPL 160.55 (1) (d) (ii) when they are acting in their capacity as an agency authorized, pursuant to RPAPL 715 (1), to demand the commencement of an eviction proceeding by a landlord.

Accordingly, the order of the Supreme Court, Bronx County (Richard Lee Price, J.), entered August 30, 2016, which granted

the People's CPL 160.55 (1) (d) (ii) motion to unseal documents related to defendant's March 3, 2014 conviction of disorderly conduct, should be reversed, on the law, and the motion denied.

FRIEDMAN, J.P., RICHTER, MOSKOWITZ and GISCHE, JJ., concur.

Order, Supreme Court, Bronx County, entered August 30, 2016, reversed, on the law, and the motion to unseal documents denied.