Lu-Wong v City of New York (2022 NY Slip Op 02226)

Lu-Wong v City of New York

2022 NY Slip Op 02226

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Index No. 153614/20 Appeal No. 15657 Case No. 2021-03997 

[*1]Manna Lu-Wong etc., Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents, Glen Pusey, Defendant.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Kate Fletcher of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered September 30, 2021, which, to the extent appealed from, denied plaintiff's motion to compel defendants to produce defendant Glen Pusey's criminal records pertaining to the unclassified misdemeanor to which he pled guilty following the accident, unanimously reversed, on the law, without costs and the motion granted.
This action arises from a motor vehicle accident in which a vehicle operated by Pusey and owned by defendants the City of New York (the City) and the New York City Department of Sanitation (together, the City defendants), struck pedestrian Hon Wing Lu while he was crossing an intersection. Following an investigation by the New York City Police Department, Pusey was arrested, charged, and subsequently pled guilty to Administrative Code of City of NY § 19-190(b), an unclassified misdemeanor, and to Vehicle and Traffic Law § 1146(c)(1), a traffic violation, for failing to yield to Lu and causing him injury. Plaintiff, individually, and as the Administrator for the Estate of Hon Wing Lu, now seeks the records pertaining to Pusey's unclassified misdemeanor. The City defendants argue that these records are not discoverable because they overlap with Pusey's traffic infraction records, which are sealed pursuant to CPL 160.55.
Under CPL 160.55, all records and papers relating to the arrest or prosecution of an individual convicted of a traffic infraction or violation, following a criminal action or proceeding, shall be sealed and not made available to any person or public or private agency (see CPL 160.55[1][c]; People v F.B., 155 AD3d 1, 4-5 [1st Dept 2017], lv denied 30 NY3d 911 [2018]). Plaintiff is entitled to Pusey's records pertaining to his unclassified misdemeanor, as the records are not subject to CPL 160.55, and it does not appear that they were sealed (see e.g. Matter of Rodriguez v Parker, 38 AD3d 1021 [3d Dept 2007], lv denied 8 NY3d 816 [2007]). To the extent these records contain references or information related solely to Pusey's sealed traffic violation case, the City must redact or remove it from its production.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022